*Doe v. Doe,* Appeal No. 23-1058

**Extended Answer Regarding Appealability of Order**

The order denying Plaintiff-Appellant's ex-parte motion to proceed by pseudonym in the District Court action (the "Order") is sufficiently final to warrant immediate appellate review because it meets the requirements of the collateral order doctrine, rendering the order sufficiently final for purposes of 28 U.S.C. § 1291. *Carefirst of Maryland, Inc. v. Carefirst Urgent Care Ctr., LLC*, 305 F.3d 253, 255 (4th Cir. 2002) (through collateral order doctrine "Supreme Court has construed section 1291 to permit appeals from 'a narrow class of decisions that do not terminate the litigation, but must…nonetheless be treated as final'") (citation omitted). *See Doe v. Mass. Inst. of Tech.*, 46 F. 4th 61, 65-66 (1st Cir. 2022); *James v. Jacobson*, 6 F.3d 233, 237-238 (4th Cir. 1993). An immediately appealable collateral order 1) is conclusive; 2) resolves an important question separate from the merits; and 3) is effectively unreviewable on appeal from the final judgment in the underlying action. *Carefirst*, 305 F.3d at 255.

The Order is immediately appealable under the collateral order doctrine because it conclusively determines the question of whether the plaintiff can proceed using a pseudonym, which is a question that is separate from the merits of the underlying action. The Order also resolves an issue of considerable importance because the disclosure of plaintiff's identity in the underlying action could cause him grievous harm and the public has an interest in ensuring those seeking justice in the courts are not scared off by the "specter of destructive exposure." *Mass Inst. of Tech.*, 46 F. 4th at 66. The Order is also effectively unreviewable on appeal from the final judgment in the underlying action because, in accordance with the Order, Plaintiff-Appellant, will have to either dismiss the action or proceed in his own name for the entirety of the action until a final judgment is entered. Once his name is revealed "the toothpaste is out of the tube and the media or other interested onlookers may take notice in a way that cannot be undone by an appellate decision down the road." *Id.*