No. 23-1058

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

JOHN DOE,

*Plaintiff-Appellant*,

v.

JANE DOE,

*Defendant-Appellee*.

*On Appeal from an Order of the United States District Court
for the Eastern District of North Carolina
Case No. 5:22-cv-00500-D-BM*

**Plaintiff-Appellant's Response to Motion
to Be Appointed Pro Bono *Amicus Curiae*
In Support of the Decision Below**

1.      Plaintiff-Appellant John Doe ("John Doe") hereby responds, and opposes, the "Motion To Be Appointed Pro Bono *Amicus Curiae* in Support of the Decision Below," (the "Motion") filed by Eugene Volokh ("Volokh") on behalf of the First Amendment Amicus Brief Clinic at UCLA School of Law ("Amicus Clinic"). It is clear from reading the Motion—which is devoid of specifics as to why Volokh should be appointed as amicus counsel—that Volokh simply assumes that

1

his application will be granted. However, Volokh's meritless request should be denied for the reasons set forth below.

2. This appeal, and Volokh's request to be appointed, in effect, to argue the District Court's position, does not fall within the express mission of the Amicus Clinic, which UCLA's online course catalog describes as filing "friend-of-the-court briefs on behalf of ***nonprofits*** (e.g. the Reporters Committee for Freedom of the Press, the Electronic Frontier Foundation, and more) in a wide range of First Amendment cases." Ex. 1, General Course Description, also available at https://curriculum.law.ucla.edu/Guide/Course/325 (last visited on Jan. 28, 2023) (emphasis added).

3. Volokh's motives in seeking appointment as amicus counsel are questionable. On January 18, 2023, Volokh sensationalized the District Court's decision denying John Doe's pseudonym motion on his blog, "The Volokh Conspiracy," as a "#TheyLied Libel Case." The blog post directs the reader to Volokh's 2022 law review article, *The Law of Pseudonymous Litigation*, 73 Hastings L.J. 1353 (2022). Ex. 2, Volokh, E., *No Pseudonymity in #TheyLied Libel Case Alleging False Claims of Sexual Assault at College*, also available at https://reason.com/volokh/2023/01/18/no-pseudonymity-in-theylied-libel-case-alleging-false-claims-of-sexual-assault-at-college/ (last visited on Feb. 3, 2023).

4. Volokh regularly argues against pseudonym treatment in university sexual misconduct cases and recently submitted an amicus curiae brief in *Doe v. Massachusetts Institute of Technology*, 46 F. 4th 61, 69-70 (1st Cir. 2022). The First Circuit roundly rejected Volokh's policy arguments in that case, in which he invited the court to "eschew a multi-factor balancing test in favor of identifying 'narrow categorical limitations or exceptions…tailored to unusual categories of cases that distinguish themselves from the norm.'" *Id.* Such arguments would be inappropriate here, where the Court has a well-established balancing test in place for pseudonym cases and the District Court relied on the test when deciding John Doe's pseudonym motion. *See James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993).

5. Volokh asserts that he should be appointed as amicus counsel on the sole ground that the "District Court opinion cited his article." Motion, at ¶ 3. This is neither a sound nor legitimate basis for the requested appointment under Federal and Local Appellate Rules or case law. Moreover, appointing Volokh as amicus counsel in accordance with this reasoning would grant any person whose work has been cited in a district court opinion a near-automatic right to intervene in the appeal process, burdening the Court, causing significant delay and imposing needless and extravagant cost to the parties to the underlying litigation, all for the purpose of an academic indulging his personal self-interest and status.

6. Volokh provides no reason why, or explanation as to how, his appointment as amicus counsel will aid the Court in determining the outcome of John Doe's appeal, particularly since this appeal does not concern a question of first impression.

7. Volokh's motion does not even comply with the basic requirements of Federal Rule of Appellate Procedure 29(a)(3), concerning the submission of amicus briefs, because Volokh fails to i) specify Volokh's, or the Amicus Clinic's, interest in submitting a brief in litigation between private parties where the law is well established; ii) provide a reason why an amicus brief is desirable; and iii) specify the matters Volokh intends to address and why they are relevant to the disposition of the case.[1] As stated in the 1998 Advisory Committee Notes to Federal Rule of Appellate Procedure 29, "the relevance of the matters asserted by an amicus is ordinarily the most compelling reason for granting leave to file." To the extent any purpose can be divined from Volokh's Motion, it is to preserve the "win" in a matter citing to his article, entirely a matter of Volokh's personal self-interest.

8. The District Court's Order denying John Doe's pseudonym motion (the "Order") cites a ***single page*** of Volokh's 2022 law review article, concerning the narrow issue of public access to judicial proceedings in mutual pseudonym cases.

---

[1] Volokh also failed to submit a proposed brief to the Court as required by Federal Rule of Appellate Procedure 29(a)(3).

4

Ex. 3, Order, at 6; Ex. 4, Excerpt, Volokh, E., *Law of Pseudonymous Litigation*, 73 Hastings L.J. 1353 (2022). The issue of judicial access is an area of law with which the Court has a wealth of experience and, accordingly, an amicus brief on this subject contributes nothing about which the Court is not already well aware, and is simply unnecessary. *See, e.g.*, Order, at 6 ("the court returns to the Fourth Circuit's broad admonition that the court must balance Doe's stated interest in anonymity against the public's interest in openness") (citation omitted). While the District Court addressed mutual pseudonymity in its decision, it did not decide whether the defendant, "Jane Doe," should be allowed to proceed by pseudonym in the underlying litigation. Ex. 3, Order, at 7 ("The court does not express an opinion about whether plaintiff's amended complaint should use a pseudonym for the defendant…plaintiff's motion asked only to permit him to proceed by pseudonym.") Accordingly, an amicus brief regarding mutual pseudonymity is not relevant to the issue on appeal—whether John Doe may proceed by pseudonym—and would only serve to "burden the staff and facilities of the Court." Fed. R. App. Pr. 29, 1998 Advisory Committee Notes.

9.     Volokh further seeks to be appointed by the Court to "ensure an adversarial presentation of the issues," but cites no legal precedent or procedural rule which ***requires*** such an appointment in the present circumstances or permits amicus counsel to request a specific appointment by motion.

5

10. No Federal or Local Rule of Appellate Procedure expressly provides grounds for such an appointment. The Federal and Local Rules of Appellate Procedure expressly permit the appointment of amicus counsel in appeals involving: i) a petition for a writ of mandamus or prohibition in which the Court invites amicus curiae to address the petition (Fed. R. App. Pr. 21(b)(4)); ii) indigent litigants (Local R. 34(b) and 46(d)); and iii) Section (a)(1) of the Criminal Justice Act, 18 U.S.C. § 3006(a)(1)) in which appointment of counsel is mandated (Local R. 46(d)). John Doe's appeal does not fall within any of these categories, which leaves the appointment of amicus counsel to the Court's discretion. Such an appointment must be from the Court's Discretionary Panel. *See* https://www.ca4.uscourts.gov/information-for/appointed-counsel/appointment-panels/discretionary-panel (discussing appointment and assignment from Discretionary Panel after "judicial determination that further briefing and possible oral argument would be of assistance" to the Court).

11. Volokh does not contend that he, or the Amicus Clinic, is eligible for amicus appointment as a member of the Court's Discretionary Panel. Assuming *arguendo* that Volokh is a member of the Discretionary Panel, he has cited no rule or case pursuant to which a member of the Panel was appointed amicus counsel by motion and provides no reason why the Court need exercise its discretion here. Motion, at ¶ 3.

12. Jane Doe has not yet appeared in the action or for purposes of the appeal. Volokh's motion notes that she "was apparently not served" and assumes, without any personal knowledge or basis for the assumption, that Jane Doe will not appear by counsel or submit a response to John Doe's appeal. *See* Motion, at ¶ 2. Volokh further asserts, without any knowledge or factual basis, that Jane Doe will not participate in the appeal because she will "obtain a limited practical benefit from doing so." *Id.*

13. On January 26, 2023, Jane Doe was served by FedEx pursuant to Rule 4(d)(1) of the Federal Rules of Civil Procedure. She signed for the package on January 27, 2023. The package served on Jane Doe included a copy of John Doe's pseudonym motion, the Order, the Notice of Appeal, the Court's case docketing statement, Ms. Gorycki's Fourth Circuit Appearance of Counsel form and John Doe's Fourth Circuit docketing statement. Gorycki Decl. ¶ 6. Notably, John Doe's docketing statement—which was served nearly two hours prior to the filing of Volokh's motion—expressly states that Jane Doe was served via FedEx. *See* Docket # 5. Apart from lacking in merit, Volokh's Motion is, at the very least, premature.

14. *Pitts v. South Carolina*, No. 20-07250 (4th Cir. Apr. 20, 2022), cited at Paragraph 3 of the Motion, is distinguishable from the present facts as the appeal concerned whether the district court's decision below complied with a specific provision of the Prison Litigation Reform Act. Apart from arguing that the Court did

7

not have personal jurisdiction, the appellee took no position on the issue addressed by amicus counsel. *See id.*, at Docket #22. The amicus counsel did not move to be so appointed and the appeal did not involve a collateral order. *See id.* at Docket #27-1 (appointing member of Discretionary Panel).

15.     In *Baturn v. Commissioner of Internal Revenue*, No. 20-1648, concerning a Tax Court decision on the merits that was favorable to the appellee, the Court first ordered informal briefing, then determined that formal briefing and oral argument were necessary. After notice from the Court, the appellee declined to retain an attorney and proceeded *pro se* with respect to the request for formal briefing. The Court subsequently appointed amicus counsel regarding a discrete yet complex issue of law which concerned the appellee's tax status. *See id.* Docket # 31; Docket #32-1 (appointing member of Discretionary Panel).

16.     *NLRB v. Constellium Rolled Prods. Ravenswood, LLC*, 43 F. 4th 395, 399 n. 2 (4th Cir. 2022), concerned the NLRB's petition to enforce an order to which the respondent had already consented (and which alleged no violation of the order). The Court held that the petitioner and respondent were not "adverse" and dismissed the petition because the parties entered into an agreement that resolved their dispute before ever coming to federal court. *Id.* at 408. The Court appointed amicus counsel to address the issue of its subject matter jurisdiction over the petition, which was a matter of first impression. *Id.* at 399 n. 2. However, the Court noted that the

"adversarial presentation of issues…is only a prudential consideration" and the "push and pull of opposing legal argument is not the constitutional heart of adverseness." *Id.* at 402.

17. In *NLRB*, the Court noted that "parties can … agree about essentially everything—both the merits of the legal arguments and the appropriate relief—and still be legally adverse, so long as they retain adverse *interests* in the litigation's outcome." Here, it cannot be said that the parties are in agreement about any aspect of the case because Jane Doe has yet to appear. John Doe also appeals a collateral order which resolves an important question **separate from** the merits of the underlying action. *See Carefirst of Maryland, Inc. v. Carefirst Urgent Care Ctr., LLC*, 305 F.3d 253, 255 (4th Cir. 2002); *James*, 6 F.3d at 237-238. *See also Doe v. Mass. Inst. of Tech.*, 46 F. 4th 61, 65-66 (1st Cir. 2022).

18. In *Ham v. Breckon*, 994 F.3d 682, 687-688 (4th Cir. 2021), concerning an appeal of the district court's denial of a petition for habeas relief, the Court conducted a pre-argument review and subsequently appointed a member of the Discretionary Panel as amicus counsel. *See Ham*, Appeal No. 20-6972, Docket ## 19, 38.

19. Apart from attempting to circumvent the Court's rules and procedures concerning the appointment of amicus counsel, Volokh further notes that he

anticipates splitting his oral argument time with a student from the Amicus Clinic pursuant to Local Rule 46(a). Local Rule 46(a) is inapplicable.

20. Volokh's Motion should be denied for the above-stated reasons.

Dated: February 3, 2023

                                              Respectfully Submitted,

                                              /s/ *Kara L. Gorycki*
                                               Kara L. Gorycki
                                              Andrew T. Miltenberg
                                              Nesenoff & Miltenberg, LLP
                                              363 Seventh Ave., 5th Floor
                                              New York, New York 10001
                                              (212)736-4500
                                              kgorycki@nmllplaw.com
                                              amiltenberg@nmllplaw.com

## CERTIFICATE OF COMPLIANCE

I certify that the above declaration contains 1984 words.

          /s/ *Kara L. Gorycki*

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2023, a true and correct copy of the foregoing was served through the CM/ECF system. On the same day, a copy of the foregoing was also served on Jane Doe via FedEx, along with a copy of Volokh's motion.

/s/ *Kara L. Gorycki*