# Exhibit 2

# The Volokh Conspiracy
Mostly law professors | Sometimes contrarian | Often libertarian | Always independent

About The Volokh Conspiracy ▼

POLITICS

## No Pseudonymity in #TheyLied Libel Case Alleging False Claims of Sexual Assault at College

EUGENE VOLOKH | 1.18.2023 8:01 AM

From *Doe v. Doe*, decided Jan. 5 by Judge James Dever III (E.D.N.C.):

> Essentially, plaintiff's complaint concerns defendant's alleged "false claims" of sexual assault made to Tulane University … and unidentified third parties in order to "defame, humiliate, harass, and punish Plaintiff John Doe." Plaintiff also identifies another student, using the pseudonym "Sue Roe," who allegedly conspired with the defendant to defame plaintiff and misuse Tulane's Title IX investigation process to "further a malicious vendetta against John Doe." Outside of John Doe, Jane Doe, and Sue Roe, the complaint identifies almost every other individual with initials….
>
> A civil complaint generally must set forth the "name[s] [of] all the parties." Fed. R. Civ. P. 10(a). "[I]n exceptional circumstances, compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in judicial proceedings, including use of a pseudonym." … [But] because the use of pseudonyms in litigation undermines the public's right of access to judicial proceedings, "when a party seeks to litigate under a pseudonym, a district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." …

> Plaintiff argues that the sexual assault allegations leading to his expulsion from Tulane involve "private and intimate details regarding the lives of John Doe and Jane Doe." Numerous district courts have recognized a plaintiff's interest in preserving privacy where the allegations concern sexual assault. [Citations omitted. -EV] Therefore, the court finds that plaintiff desires to proceed pseudonymously in order to preserve his privacy in a matter that is sensitive and highly personal….
>
> Plaintiff claims that "under the current social climate" accusations of sexual assault can "tarnish a reputation." … The court recognizes the inflammatory nature of sexual misconduct, "the mere accusation of which, if disclosed, can invite harassment and ridicule." Plaintiff, however, has failed to produce "evidence to support more than a mere 'general fear' of retaliation or mere embarrassment." Additionally, there do not appear to be any aggravating factors beyond the subject matter of the sexual assault allegation. For example, plaintiff fails to allege in the complaint that these allegations were widely circulated or evoked passionate scrutiny in the media. Moreover, although the court recognizes plaintiff's concerns about the potential harm to Jane Doe and Sue Roe, that consideration does not affect whether the court should allow plaintiff to pursue this action pseudonymously. Therefore, this factor is neutral in the analysis….
>
> [A]ll parties are adults, and therefore are not minors entitled to special protection based on age. Nonetheless, plaintiff argues that "college students may still possess the immaturity of adolescence" and that the third factor does not weigh against allowing him to proceed pseudonymously. However, when plaintiff filed this complaint, plaintiff was beyond the typical age of a college student and would have already graduated from Tulane if not for his expulsion. Thus, this factor weighs against permitting plaintiff to proceed pseudonymously….
>
> Basic fairness counsels against allowing plaintiff to proceed pseudonymously in this case. It would be fundamentally unfair for plaintiff to be able to "clear his name" and wield a potential judgement against Jane Doe to his advantage but hide under a shield of anonymity if unsuccessful. Therefore, this factor weighs significantly against allowing plaintiff to proceed pseudonymously….
>
> [T]here are [also] other sources of significant unfairness or risk of prejudice against Jane Doe. This risk stems not only from plaintiff's use of pseudonyms for himself, but also from plaintiff's abundant use of pseudonyms and initials throughout the complaint. For example, the complaint references a "Sue Roe" who is inextricably tied to plaintiff's claims and is the alleged co-conspirator underlying plaintiff's civil conspiracy claim. Moreover, plaintiff uses initials for all key witnesses appearing in the complaint. This pervasive anonymity could lead to difficulty and confusion for Jane Doe during discovery….
>
> Finally, "the court returns to the Fourth Circuit's broad admonition that the court must balance Doe's stated interest in anonymity against the public's interest in openness." A district court has "an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." Such extraordinary circumstances are not present here.
>
> Although plaintiff argues that there is no public interest in the public learning his identity or the identities of others, plaintiff fails to address the risk that pseudonymous lawsuits have in eroding public access to proceedings. "[M]utual pseudonymity, while providing more protection to the parties' privacy and reputations, also undermines public access" to the proceedings. Indeed, if courts were to allow mutual pseudonymity in sexual assault-related libel or slander suits, then "whole areas of the law could become difficult for the media and the public to monitor, outside the constrained accounts of the facts offered up by judges and lawyers."
>
> Plaintiff cites numerous cases for the proposition that courts "have held under similar circumstances that a party may proceed anonymously." Plaintiff is wrong. The cited cases do not involve a private individual plaintiff proceeding pseudonymously and suing a private individual defendant also named under a pseudonym. Moreover, plaintiff has failed to cite a case in which a plaintiff in a defamation or libel action was allowed to proceed pseudonymously against an alleged victim of sexual assault.
>
> Although courts sometimes allow those accused of sexual assault to sue schools or universities pseudonymously when attacking the findings of a university Title IX investigation, the considerations in those cases do not apply here. Unlike in those cases, plaintiff is not challenging his expulsion from Tulane or arguing that Tulane violated Title IX or due process during the sexual assault investigation. In fact, Tulane is not a defendant….

For more on this general subject, see *The Law of Pseudonymous Litigation*.

To get the Volokh Conspiracy Daily e-mail, please sign up here.

[Email Address] [Subscribe]

*NEXT:* Today in Supreme Court History: January 18, 1873

**EUGENE VOLOKH** is the Gary T. Schwartz Distinguished Professor of Law at UCLA. Naturally, his posts here (like the opinions of the other bloggers) are his own, and not endorsed by any educational institution.

POLITICS

      MEDIA CONTACT & REPRINT REQUESTS



## RECOMMENDED

No Pseudonymity for Employment Plaintiffs Alleging Rape and Other Sexual Harassment, Says Fed. Court in N.Y.

Should Kuwaiti Student Challenging Title IX Sexual Misconduct Finding Be Pseudonymous,

District Court in Title IX Sexual Assault Case Rejects One-Sided Pseudonymity

#MeToo, #TheyLied, and Pseudonymous Litigation

Why Not Pseudonymous Litigation? The Value to the Public of Access to Party Names

SPONSORED CONTENT



**LG Adjustable KF94 Mask / Large - 10 Pack ($2.25 per mask) - Black**
Protectly US



**7 Time Lottery Winner: You're All Playing the Lottery Wrong! (Watch)**
Smart Life Reports



**15 Worst Breakfast Foods, Ranked**
HEALTHNATURAL



**15 Best Dog Breeds For Seniors - No. 7 Will Surprise You**
Mom Life Weekly



**Top 11 Reality TV Shows That Are Completely Fake**
popcornews.com



**Take a Look Inside Oprah Winfrey's $90m House**
popcornews.com

About

Browse Topics

Events

Staff

Jobs

Donate

Advertise

Subscribe

Contact

Media

Shop

Amazon

© 2022 Reason Foundation | Accessibility | Privacy Policy | Terms Of Use