# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-500-D-BM

| | | |
|---|---|---|
| JOHN DOE, | ) | |
|       Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JANE DOE, | ) | |
| | ) | |
|       Defendant. | ) | |

On December 8, 2022, "John Doe" ("plaintiff") filed a complaint against "Jane Doe" ("defendant") alleging defamation, abuse of process, tortious interference with contract, intentional infliction of emotional distress, and civil conspiracy [D.E. 1]. On the same day, plaintiff moved ex parte for leave to proceed under a pseudonym [D.E. 5] and filed a memorandum in support [D.E. 6]. As explained below, the court denies plaintiff's motion to proceed under a pseudonym.

I.

Plaintiff argues that the "highly sensitive and personal nature of the allegations" require use of pseudonyms to protect the parties' privacy. See [D.E. 6] 2. The complaint uses pseudonyms for both plaintiff and defendant. See Compl. [D.E. 1]. Plaintiff, however, only requests "permission to file a Complaint . . . as a pseudonymous Plaintiff." [D.E. 6] 1; see [D.E. 5] 2 ("Plaintiff respectfully moves for leave to proceed under the pseudonym 'John Doe.'").

Essentially, plaintiff's complaint concerns defendant's alleged "false claims" of sexual assault made to Tulane University ("Tulane") and unidentified third parties in order to "defame, humiliate, harass, and punish Plaintiff John Doe." See Compl. at 1. Plaintiff also identifies another student, using the pseudonym "Sue Roe," who allegedly conspired with the defendant to defame

plaintiff and misuse Tulane's Title IX investigation process to "further a malicious vendetta against John Doe." See [D.E. 6] 1–2. Outside of John Doe, Jane Doe, and Sue Roe, the complaint identifies almost every other individual with initials. See, e.g., Compl. at ¶ 16 (identifying Sue Roe's paramour as "B.H."); ¶ 18 (identifying Sue Roe's housemate as "D.E."); ¶ 21 (identifying John Doe's friends as "M.V." and "K.R."); ¶ 23 (identifying a member of another fraternity as "K.S."). The only individuals identified by name are Tulane staff members. See, e.g., Compl. at ¶ 48 (Christopher Zacharda, Director of Student Conduct); ¶ 50 (Jaqueline Barber, University Investigator).

A civil complaint generally must set forth the "name[s] [of] all the parties." Fed. R. Civ. P. 10(a). "[I]n exceptional circumstances, compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in judicial proceedings, including use of a pseudonym." Doe v. Pub. Citizen, 749 F.3d 246, 273 (4th Cir. 2014); Doe v. Lees-McRae Coll., No. 1:20-CV-00105-MR, 2021 WL 2673050, at *6 (W.D.N.C. June 29, 2021) (unpublished). The court considers five factors in deciding whether to allow a party to proceed pseudonymously including: (1) the justification asserted by the requesting party and whether it is to "preserve privacy in a matter of sensitive and highly personal nature" or "merely to avoid the annoyance and criticism that may attend any litigation"; (2) "risk of retaliatory physical or mental harm" because of identification; (3) the age of the party; (4) "whether the action is against a governmental or private party"; and, (5) "the risk of unfairness to the opposing party[.]" Pub. Citizen, 749 F.3d at 273 (quotation omitted); see James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993). Additionally, because the use of pseudonyms in litigation undermines the public's right of access to judicial proceedings, "when a party seeks to litigate under a pseudonym, a district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against

2

the public's interest in openness and any prejudice that anonymity would pose to the opposing party." Pub. Citizen, 749 F.3d at 274.

As for the first factor, the court asks whether the moving party is requesting to use a pseudonym "merely to avoid the annoyance and criticism that may attend any litigation" or "to preserve privacy in a matter of sensitive and highly personal nature[.]" James, 6 F.3d at 238. Plaintiff argues that the sexual assault allegations leading to his expulsion from Tulane involve "private and intimate details regarding the lives of John Doe and Jane Doe." [D.E. 6] 5. Numerous district courts have recognized a plaintiff's interest in preserving privacy where the allegations concern sexual assault. See, e.g., Doe v. Va. Polytechnic Inst. & State Univ., No. 7:21-CV-378, 2022 WL 972629, at *2 (W.D. Va. Mar. 30, 2022) (unpublished); Doe v. Rector & Visitors of George Mason Univ., 179 F. Supp. 3d 583, 592–94 (E.D. Va. 2016); Painter v. Doe, No. 3:15-CV-369-MOC, 2016 WL 3766466, at *6 (W.D.N.C. July 13, 2016) (unpublished); Doe v. Alger, 317 F.R.D. 37, 40 (W.D. Va. 2016). Therefore, the court finds that plaintiff desires to proceed pseudonymously in order to preserve his privacy in a matter that is sensitive and highly personal.

The second factor concerns potential physical retaliation and mental harm the plaintiff could experience if the court were to deny his motion. Plaintiff claims that "under the current social climate" accusations of sexual assault can "tarnish a reputation." [D.E. 6] 6. Even though plaintiff's motion seeks only to have the court permit him to proceed pseudonymously, plaintiff also argues that revealing the names of defendant Jane Doe and Susan Roe could subject them to harm. See id.

The court recognizes the inflammatory nature of sexual misconduct, "the mere accusation of which, if disclosed, can invite harassment and ridicule." George Mason Univ., 179 F. Supp. 3d at 593. Plaintiff, however, has failed to produce "evidence to support more than a mere 'general

3

fear' of retaliation or mere embarrassment." Student A v. Liberty Univ., Inc., No. 6:20-cv-00023, 2022 WL 1423617, at *13 (W.D. Va. May 5, 2022); see Doe v. N.C. Cent. Univ., No. 1:98CV01095, 1999 WL 1939248, at *5 (M.D.N.C. Apr. 15, 1999) ("Plaintiff's fears of embarrassment and shame are insufficient in the circumstances of this case to outweigh the risk of unfairness to Defendant . . . ."). Additionally, there do not appear to be any aggravating factors beyond the subject matter of the sexual assault allegation. For example, plaintiff fails to allege in the complaint that these allegations were widely circulated or evoked passionate scrutiny in the media. Cf. George Mason, 179 F. Supp. 3d at 593; Alger, 317 F.R.D. at 40. Moreover, although the court recognizes plaintiff's concerns about the potential harm to Jane Doe and Sue Roe, that consideration does not affect whether the court should allow plaintiff to pursue this action pseudonymously. Therefore, this factor is neutral in the analysis.

As for the third factor, plaintiff concedes that all parties are adults, and therefore are not minors entitled to special protection based on age. See [D.E. 6] 6; A.T.P. v. MTR Hotels, LLC, No. 6:21-cv-647, 2021 WL 5772826, at *2 (D.S.C. Mar. 12, 2021) (unpublished). Nonetheless, plaintiff argues that "college students may still possess the immaturity of adolescence" and that the third factor does not weigh against allowing him to proceed pseudonymously. See Yacovelli v. Moeser, No. 1:02CV596, 2004 WL 1144183, at *8 (M.D.N.C. May 20, 2004) (unpublished). However, when plaintiff filed this complaint, plaintiff was beyond the typical age of a college student and would have already graduated from Tulane if not for his expulsion. See Compl. ¶ 11 (noting that plaintiff had expected to graduate from college in 2022). Thus, this factor weighs against permitting plaintiff to proceed pseudonymously.

As for the fourth factor, the court considers whether the action is against a private individual or against a government. Plaintiff notes that "[w]hen a plaintiff challenges the government, courts

4

are more likely to allow him or her to proceed under a pseudonym." [D.E. 6] 7; see Va. Polytechnic Inst. & State Univ., 2022 WL 972629, at *3. Plaintiff then argues that his lawsuit is, in part, against "the government." It is not. The complaint lists only Jane Doe as defendant. The proposed summons lists only Jane Doe. See [D.E. 1-1]. Plaintiff's case is not against the government.

When a plaintiff accuses an individual of wrongdoing, "[b]asic fairness dictates that those among the defendants' accusers who wish to participate in this suit as individual party plaintiffs must do so under their real names." S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe, 599 F.2d 707, 713 (5th Cir. 1979); see Va. Polytechnic Inst. & State Univ., 2022 WL 972629, at *3; Doe v. Pittsylvania Cnty., Va., 844 F. Supp. 2d 724, 730 (W.D. Va. 2012); A.B.C. v. XYZ Corp., 282 N.J. Super. 494, 501, 505, 660 A.2d 1202, 1204 (App. Div. 1995). Basic fairness counsels against allowing plaintiff to proceed pseudonymously in this case. It would be fundamentally unfair for plaintiff to be able to "clear his name" and wield a potential judgement against Jane Doe to his advantage but hide under a shield of anonymity if unsuccessful. Therefore, this factor weighs significantly against allowing plaintiff to proceed pseudonymously.

As for the fifth factor, the court considers potential prejudice or unfairness to defendant. Admittedly, this factor is more difficult to assess because plaintiff filed the motion ex parte and the defendant has not had the opportunity to express potential prejudice she may face if the court permits plaintiff to proceed pseudonymously. Plaintiff argues that there is no risk of prejudice because "Jane Doe is well aware of John Doe's identity[.]" [D.E. 6] 7.

Given the nature of the allegations in the complaint, including Tulane's administrative proceedings in which John Doe and Jane Doe participated, Jane Doe is aware of plaintiff's identity. See Alger, 317 F.R.D. at 41. However, there are other sources of significant unfairness or risk of prejudice against Jane Doe. This risk stems not only from plaintiff's use of pseudonyms for himself,

5

but also from plaintiff's abundant use of pseudonyms and initials throughout the complaint. For example, the complaint references a "Sue Roe" who is inextricably tied to plaintiff's claims and is the alleged co-conspirator underlying plaintiff's civil conspiracy claim. See Compl. ¶ 148. Moreover, plaintiff uses initials for all key witnesses appearing in the complaint. See, e.g., id. at ¶¶ 16, 18, 21, 23. This pervasive anonymity could lead to difficulty and confusion for Jane Doe during discovery. See Doe v. Trs. of Ind. Univ., 577 F. Supp. 3d 896, 907 (S.D. Ind. 2022). Therefore, this factor weighs against allowing plaintiff to proceed pseudonymously.

Finally, "the court returns to the Fourth Circuit's broad admonition that the court must balance Doe's stated interest in anonymity against the public's interest in openness." Va. Polytechnic Inst. & State Univ., 2022 WL 972629, at *4; see Pub. Citizen, 749 F.3d at 274. A district court has "an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." Pub. Citizen, 749 F.3d at 274. Such extraordinary circumstances are not present here.

Although plaintiff argues that there is no public interest in the public learning his identity or the identities of others, plaintiff fails to address the risk that pseudonymous lawsuits have in eroding public access to proceedings. See [D.E. 6] 7. "[M]utual pseudonymity, while providing more protection to the parties' privacy and reputations, also undermines public access" to the proceedings. Eugene Volokh, The Law of Pseudonymous Litigation, 73 HASTINGS L.J. 1353, 1383 (2022). Indeed, if courts were to allow mutual pseudonymity in sexual assault-related libel or slander suits, then "whole areas of the law could become difficult for the media and the public to monitor, outside the constrained accounts of the facts offered up by judges and lawyers." Id.

Plaintiff cites numerous cases for the proposition that courts "have held under similar circumstances that a party may proceed anonymously." [D.E. 6] 3. Plaintiff is wrong. The cited cases do not involve a private individual plaintiff proceeding pseudonymously and suing a private individual defendant also named under a pseudonym. Moreover, plaintiff has failed to cite a case in which a plaintiff in a defamation or libel action was allowed to proceed pseudonymously against an alleged victim of sexual assault. See Roe v. Does 1-11, No. 20-CV-3788-MKB, 2020 WL 6152174, at *6 (E.D.N.Y. Oct. 14, 2020) (unpublished) ("The Court finds it highly persuasive that Plaintiff fails to and is unable to cite a single case in which a plaintiff, suing for defamation and alleging he was falsely accused of sexual assault, was allowed to proceed anonymously against the victim of the purported assault.").

Although courts sometimes allow those accused of sexual assault to sue schools or universities pseudonymously when attacking the findings of a university Title IX investigation, the considerations in those cases do not apply here. See, e.g., Doe v. Univ. of S.C., No. 3:18-cv-00161-TLW, 2018 WL 1215045, at *1 n.1 (D.S.C. Feb. 12, 2018), report & recommendation adopted, 2018 WL 1182508 (D.S.C. Mar. 6, 2018) (unpublished); Alger, 317 F.R.D. at 42; Doe v. Va. Polytechnic Inst. & State Univ., No. 7:18-cv-170, 2018 WL 5929647, at *3–4 (W.D. Va. Nov. 13, 2018). Unlike in those cases, plaintiff is not challenging his expulsion from Tulane or arguing that Tulane violated Title IX or due process during the sexual assault investigation. In fact, Tulane is not a defendant.

Ultimately, the James factors and concerns about the openness of proceedings weigh strongly against permitting plaintiff to proceed pseudonymously in this action. Therefore, the court denies plaintiffs' motion. Because Rule 10(a) requires plaintiff to proceed using his real name, plaintiff must file an amended complaint using his real name in order to proceed in this action. The court

7

does not express an opinion about whether plaintiff's amended complaint should use a pseudonym for the defendant. As mentioned, plaintiff's motion asked only to permit him to proceed pseudonymously. See [D.E. 5].

## II.

In sum, the court DENIES plaintiff's motion to proceed under a pseudonym [D.E. 5]. Plaintiff may file an amended complaint using his real name by January 30, 2023. Alternatively, by January 30, 2023, plaintiff may file a Rule 41 notice of dismissal. If plaintiff fails to take either of these actions by January 30, 2023, the clerk SHALL close the case without further order of the court.

SO ORDERED. This 5 day of January, 2023.

                                            JAMES C. DEVER III
                                            United States District Judge