# Exhibit 4

# Hastings Law Journal

Volume 73 | Issue 5                                                                 Article 8

7-2022

# The Law of Pseudonymous Litigation

Eugene Volokh

Follow this and additional works at: https://repository.uchastings.edu/hastings_law_journal

 Part of the Law Commons

## Recommended Citation

Eugene Volokh, *The Law of Pseudonymous Litigation*, 73 HASTINGS L.J. 1353 (2022).
Available at: https://repository.uchastings.edu/hastings_law_journal/vol73/iss5/8

This Article is brought to you for free and open access by the Law Journals at UC Hastings Scholarship Repository. It has been accepted for inclusion in Hastings Law Journal by an authorized editor of UC Hastings Scholarship Repository. For more information, please contact wangangela@uchastings.edu.

Of course, one could also say that the non-pseudonymity default itself causes improper settlement leverage, which pseudonymity might solve.[138] Say, for instance, that David Defendant is in a field where even the accusation (however unfounded) of some misconduct would mean massive financial cost. Paul Plaintiff's threatening to file a *Paul v. David* lawsuit might yield an unfairly inflated settlement compared to *Paul v. Doe* (where David could defend himself on the merits, and perhaps win without the allegations being disclosed) or even compared to a fully pseudonymous *Poe v. Doe* (since pseudonymity wouldn't help Paul much).

Conversely, say Polly Plaintiff wants to sue Donna Defendant for discrimination based on Polly's mental illness, but is reasonably fearful that disclosing the mental illness would ruin her future employment prospects. In pre-filing negotiations, Donna (who might not worry too much about publicity related to allegations that she discriminated this way) may know that Paula dreads the publicity and may be able to settle the case for a pittance, even if Paula has a solid case on the law. Paula's being able to file a *Poe v. Donna* lawsuit or even a *Poe v. Doe* lawsuit would then yield a likely settlement value that's more in line with the expected value of the case at trial.

It's not clear in general, then, whether non-pseudonymous litigation yields fairer settlement values than pseudonymous litigation. But it seems clear that pseudonymity can change settlement values in many cases, for better or for worse.

### 4. *Mutual Pseudonymity as a Solution?*

Of course, the fairness concern could be satisfied by allowing both parties to be pseudonymous. Some courts have indeed taken that view: "[I]f the plaintiff is allowed to proceed anonymously, . . . it would serve the interests of justice for the defendant to be able to do so as well, so that the parties are on equal footing as they litigate their respective claims and defenses."[139] "If we are to have a policy of protecting the names of individual litigants from public disclosure,

---

138. *See, e.g.*, Balla, *supra* note 21, at 696.
139. Doe v. Doe, No. 20-cv-5329, 2020 WL 6900002, at *4 (E.D.N.Y. Nov. 24, 2020); *see also* Roe v. Doe, No. 18-cv-666, 2019 WL 1778053, at *3 (D.D.C. Apr. 23, 2019); Doe v. Smith, No. 119-cv1121, 2019 WL 6337305, at *2–3, *3 n.1 (N.D.N.Y. Nov. 27, 2019). Conversely, if someone claiming to have been falsely accused of sexual assault tries to sue pseudonymously, but names either the accuser or the defendants, courts seem less likely to go along. *See, e.g.*, Doe v. Garland, No. 1:22-cv-00722, at 5–6 (D.D.C. Mar. 10, 2022); Doe v. Va. Polytech. Inst., No. 7:21-cv-00306, 2022 WL 67324, at *3 (W.D. Va. Jan. 6, 2022); Ayala v. Butler Univ., No. 1:16-cv-1266, at 6 (S.D. Ind. Jan. 8, 2018). Compare *Doe v. Ind. Univ.*, No. 1:19-cv-02204 (S.D. Ind. Oct. 2, 2019), where the judge who decided *Ayala* nonetheless allowed plaintiff to proceed pseudonymously, distinguishing *Ayala* in part on the grounds that "the plaintiff's complaint here respects the privacy interests of others in ways the complaint in *Ayala* had not."

there is a very substantial interest in doing so on a basis of equality."[140] Others have cited fairness as a basis for rejecting pseudonymity for either party.[141]

But of course, such mutual pseudonymity, while providing more protection to the parties' privacy and reputations, also undermines public access still more. Imagine being a reporter who has to write about a *Doe v. Roe* lawsuit, with no ability to track down people who can offer the story behind the case (except to the extent that the lawyers are willing to provide access to those people)—you could still see the allegations, the parties' arguments, and the court's decisions, but without any ability to independently investigate the facts. And of course, if that is accepted as the norm in, say, sexual assault lawsuits (or libel lawsuits over allegations of sexual assault), whole areas of the law could become difficult for the media and the public to monitor, outside the constrained accounts of the facts offered up by judges and lawyers. This may be a reason why such mutual pseudonymity is so rare.[142]

---

140. Doe v. City of New York, 201 F.R.D. 100, 102 (S.D.N.Y. 2001); *see also* B.R. v. F.C.S.B., No. 1:19-cv-00917RDATCB, 2020 WL 12435689, at *24 (E.D. Va. Mar. 10, 2020) ("[T]his Court will do what Plaintiff's counsel should have done at the outset of this litigation, and order that, from this point forward, in this litigation, each party will be referred to by the initials set forth on page one of this Order. The Court recognizes the seriousness of the alleged offenses and the wide-ranging ramifications that these accusations may hold for each of the named parties. The Court finds it necessary to not only protect the privacy interests of the accuser, but also the accused."), *aff'd as to other matters*, 17 F.4th 485 (4th Cir. 2021); Doe v. Am. Fed. of Gov't Emp., No. 1:20-cv-01558, at 6 n.2 (D.D.C. June 19, 2020); Doe v. Anonymous #1, No. 520605/2020E (N.Y. Sup. Ct. Kings Cty. Feb. 24, 2021); Affidavit in Support of Defendants' Motion to Dismiss the Complaint, *id.* (Dec. 21, 2020); Doe v. Moravian College, No. 5:20-cv-00377, at 2 (E.D. Pa. Jan. 11, 2021); Doe v. Smith, 105 F. Supp. 2d 40, 43–44 (E.D.N.Y. 1999); Doe v. Immaculate Conception Church Corp., No. CV09-501-1968, 2009 WL 4845449, at *1 (Conn. Super. Ct. Sept. 22, 2009); Doe v. Doe, No. CV146015861S, 2014 WL 4056717, at *2 (Conn. Super. Ct. Ansonia-Milford Dist. July 9, 2014); Doe v. Weill Cornell Medical College of Cornell Univ, No. 1:16-cv-03531, at *1 (S.D.N.Y. May 12, 2016) (so providing "as a temporary measure," but the order was apparently never modified during the six months while the case was being litigated between filing and settlement); Doe v. Tenzin Masselli, No. MMXCV145008325, 2014 WL 6462077, at *2 (Conn. Super. Ct. Oct. 15, 2014) (endorsing such mutual pseudonymity in principle, but rejecting it when the defendant had already pleaded no contest to a criminal charge arising out of the same facts); Notice of Removal, Doe v. Tyler Clementi Found., No. 2:20-cv-05202-JWF-PVC, Exh. A (C.D. Cal. June 11, 2020) (containing Complaint, No. 19STCV43398 (Cal. Super. Ct. L.A. Cty. filed Dec. 3, 2019)) (progressing with the individual defendant being pseudonymous, though without an explicit court decision allowing this); *see also* Milani, *supra* note 8, at 1698–1706 (arguing for such mutual pseudonymity, at least "until judgment is entered" in cases against "defendants accused of stigmatizing intentional torts").

141. A.B.C. v. XYZ Corp., 282 N.J. Super. 494, 501 (App. Div. 1995) (noting that the state high court had concluded that "a sexual harassment plaintiff" would not be pseudonymized, so "there is no reason in logic or law that a perpetrator [of sexual misconduct, such as exhibitionism,] should be protected, when a victim is not").

142. *See, e.g.*, Doe v. Doe, 189 A.D.3d 406, 406–07 (N.Y. App. Div. 2020) (allowing pseudonymity for such a plaintiff but rejecting it for the defendant); Doe v. Diocese Corp., 43 Conn. Supp. 152, 163–64 (1994) ("In the instance where a plaintiff presents a credible case for anonymity based on neither economic harm nor on hope of gain but, rather, on concerns for substantial privacy interests, the court should not consider whether it might give the same relief to the defendant. To do so unfairly treats the privacy claim and allows the introduction of considerations having no relevance to the merits of the plaintiff's particular claim, which should stand or fall on its own."); Doe v. Purdue Univ., No. 4:18-cv-89, 2019 WL 1757899, at *6 (N.D. Ind. Apr. 18, 2019) (likewise).