No. 23-1058

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

JOHN DOE,
*Plaintiff - Appellant,*

v.

JANE DOE,
*Defendant - Appellee.*

On Appeal from the United States District Court
for the Eastern District of North Carolina
The Honorable James C. Dever III
Case No. 5:22-cv-00500-D-BM

**Reply in Support of Motion to Be Appointed Pro Bono *Amicus Curiae*
in Support of the Decision Below**

Eugene Volokh
*Pro se*
First Amendment Amicus Brief Clinic
UCLA School of Law
385 Charles E. Young Dr. E
Los Angeles, CA 90095
(310) 206-3926
volokh@law.ucla.edu

# REPLY

1. "Whether to appoint an amicus in the interest of an adversary presentation would lie, of course, within the trial court's sound discretion." *DiCocco v. Garland*, 52 F.4th 588, 593 (4th Cir. 2022). The Supreme Court has likewise exercised its discretion to do the same in many cases, *e.g.*, *Patel v. Garland*, 142 S. Ct. 1614, 1621 (2022); *Terry v. United States*, 141 S. Ct. 1858, 1862 (2021). So has this Court, *e.g.*, *NLRB v. Constellium Rolled Products Ravenswood, LLC*, 43 F.4th 395, 399 n.2 (4th Cir. 2022) ("Because the parties agree that we have jurisdiction and should enter judgment, we appointed Gilbert C. Dickey as amicus curiae to argue the opposite position."); *Pitts v. S.C.*, No. 20-07250 (4th Cir. Apr. 20, 2022) (assigning *amicus* counsel in support of the district court's order); *Baturin v. Commissioner*, No. 20-1648 (4th Cir. Aug. 2, 2021) (assigning *amicus* counsel in support of the Tax Court's decision); *Ham v. Breckon*, 994 F.3d 682, 687-88 (4th Cir. 2021) ("Because the Government and Petitioner agree that Petitioner is entitled to pass through the savings clause, we appointed amicus counsel to argue the position of the district court."). None of the distinctions that Appellant offers as to those cases, Response ¶¶ 14-18, responds to the core point that the motion raised—that courts often find it helpful to appoint *amicus* counsel to provide an adversary presentation on various issues, whether those involved in those cases or the one in this case.

1

2. Indeed, such appointment may be particularly apt when a case implicates the public's right to access court records, and both parties might have interests that differ from the public's (whether they are interests in secrecy or just in avoiding spending money on an appeal on a collateral matter). *See, e.g.*, *United States v. Hughes*, No. 4:19-CR-00687-SRC-2, 2022 WL 3700907, at *2 (E.D. Mo. Aug. 26, 2022) (noting that, because of the absence of adversity between the parties on a sealing question, "the Court appointed Eugene Volokh as amicus curiae to represent the public interest and present arguments on Hughes's second amended motion [to seal]"); *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 138 (2d Cir. 2004) ("Because Gambale, her settlement in hand, did not take a position with respect to public access to the documents at issue, the motions panel, *sua sponte*, appointed *pro bono* counsel to brief and argue as *amicus curiae* the issue of public disclosure.").

3. The question is thus simply whether this Court believes that an *amicus curiae* brief defending the decision below would be helpful, particularly when it is written by someone who has extensively studied the underlying legal question, *see* Eugene Volokh, *The Law of Pseudonymous Litigation*, 73 Hastings L.J. 1353 (2022). For the reasons given in the Motion, Volokh suggests it may be helpful.

4. This is especially so because existing Fourth Circuit precedent, *e.g.*, *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993), does not expressly resolve whether and when libel plaintiffs are entitled to proceed pseudonymously. Indeed, though "the

Court has a well-established balancing test in place for pseudonym cases and the District Court relied on the test when deciding John Doe's pseudonym motion," Response ¶ 4; *see also* Response ¶ 7 (asserting that "the law is well established"), the District Court—with over 17 years of experience on the bench—disagreed with Appellant's position on how the test is to be applied. How the well-established *James v. Jacobson* balancing test should play out in this case is a question that can benefit from an adversarial presentation.

    5. Much that was said in the response to the motion thus seems to be beside the point. For instance, the General Course Description of Volokh's Amicus Brief Clinic, Response ¶ 2 & ex. 1 is, true to its name, a general description, not a comprehensive enumeration of every category of possible *amicus*; like many clinics, the Clinic sometimes represents professors (whether Volokh or others). *See, e.g.*, Brief of *Amici Curiae* Profs. Mark Lemley, Mark McKenna, Joseph Scott Miller, Jennifer Rothman, Rebecca Tushnet, and Eugene Volokh in Support of Defendants-Appellees, *Vallejo v. Narcos Prods., LLC*, No. 19-14894-AA, 2020 WL 3294023 (11th Cir. May 20, 2020). The degree to which *Doe v. MIT*, 46 F.4th 61, 69-70 (1st Cir. 2022), disagreed with Volokh's *amicus* in that case discussing what rule the First Circuit should adopt, Response ¶ 4, is likewise irrelevant: An *amicus*'s task is to provide a court with potentially helpful analysis, whether or not the court ultimately agrees with it.

3

6. Likewise, Volokh is certainly not arguing that he is entitled to "a near-automatic right to intervene in the appeal process" just because his article was cited below, Response ¶ 5. This is a question not of "right," but of what will be helpful to this Court in deciding an appeal that implicates not just the parties' interests but also "the public interest in open-air litigation," which includes a "strong [public] interest in knowing the names of parties," *Doe v. Settle*, 24 F.4th 932, 939 n.5 (4th Cir. 2022).

7. FRAP 29(a)(3) applies to standard motions for leave to file an *amicus* brief, and not to a motion to be appointed as *amicus* in support of the decision below. In particular, the submission of a proposed brief (see Response ¶ 7 n.1) would not make sense for such a motion: If this Court were to grant the motion, Volokh would presumably be called on to write a brief on the schedule applicable to an Appellee's Brief, and to respond to any arguments offered in the not-yet-filed Appellant's Opening Brief.

8. The motion also made clear the "reason why an amicus brief is desirable," FRAP 29(a)(3): It may be helpful to this court to see an "adversar[ial] presentation of the issues," including from someone who "has written a detailed article on pseudonymous litigation," Motion ¶¶ 2-3. As to "why the matters asserted are relevant to the disposition of the case," FRAP 29(a)(3), naturally a brief by a court-appointed *amicus* would focus entirely on matters relevant to the disposition of the case.

4

9. While the Discretionary Panel is an important tool for this Court to have a ready pool of lawyers for appointment, it indeed appears to be a discretionary tool; there appears to be no requirement that appointment be exclusively drawn from the Discretionary Panel, to the exclusion of other members of this Court's Bar (as Volokh is) who may be particularly knowledgeable on the relevant area of the law. Though "Counsel's assignment to this case as a member of this court's CJA/Discretionary Panels authorizes counsel to obtain and use a fee exempt CJA Panel Attorney account to provide representation in this case," *e.g.*, *Freeman v. Deas*, No. 20-07345, at 2 (4th Cir. Dec. 19, 2022), as well as some other modest financial compensation, *id.* at 1, Volokh is not seeking any such payment or exemption.

10. To be sure, one unknown fact may be relevant to whether a court-appointed *amicus* would be especially helpful: Whether Ms. Doe will herself hire a lawyer who will oppose pseudonymity and will therefore provide this Court with an adversary presentation. Volokh indeed lacks "personal knowledge," Response ¶ 12, as to whether this will happen; Volokh had asked Appellant's counsel twice whether they would pass along a query to Doe about her plans, Motion ¶ 6, but Appellant's counsel declined to respond. Presumably if Appellant's counsel had so enquired, and Doe had disclosed her plans to defend the decision below, counsel's response would have so indicated.

5

Respectfully Submitted,

s/ Eugene Volokh

*Pro se movant*
First Amendment Amicus Brief Clinic
UCLA School of Law
385 Charles E. Young Dr. E
Los Angeles, CA 90095
(310) 206-3926
volokh@law.ucla.edu

### Certificate of Service

I certify that on February 9, 2023, this reply was served on appellant's counsel of record through the CM/ECF system, of which they are registered users. The reply was not served on appellee, because appellee or appellee's counsel did not appear in District Court or in this appeal, and their contact information is thus unavailable to me.

February 9, 2023

s/ Eugene Volokh

### Certificate of Compliance

I certify that this reply contains 1,458 words.

February 9, 2023

s/ Eugene Volokh