## 23-1058

# United States Court of Appeals
## *for the*
# Fourth Circuit

---

JOHN DOE,

*Plaintiff-Appellant,*

– v. –

JANE DOE,

*Defendant-Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NORTH CAROLINA AT RALEIGH

# REPLY BRIEF OF APPELLANT

KARA L. GORYCKI
NESENOFF & MILTENBERG, LLP
363 Seventh Avenue, 5th Floor
New York, New York 10001
(212) 736-4500
kgorycki@nmllplaw.com

*Counsel for Plaintiff-Appellant*

CP  COUNSEL PRESS ● VA – (804) 648-3664

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................. ii

ARGUMENT ..........................................................................................1

I.     The District Court Did Not Weigh the First *James* Factor ..................1

II.    The District Court Clearly Erred in Discounting Similar Cases.............................................................................................1

III.   Privacy and Confidentiality Concerns Can Alone Warrant Pseudonym Protection..........................................................................2

IV.   The District Court Failed to Consider Irreparable Harm .....................4

V.    The District Court Erred in Finding That the Second *James* Factor Is Neutral .............................................................................4

    A.   The District Court Relied On Inapposite Cases.........................4

    B.   The District Court Searched the Record .................................5

    C.   "Aggravating Factors" Are Not Required .................................6

    D.   The Confidential Nature of the Underlying Disciplinary Proceedings Weighs in Favor of Pseudonym Protection .............................................................7

    E.   Potential Harm to Non-Parties Was A Relevant Consideration .............................................................................9

VI.   The Fourth *James* Factor Does Not Carry "Significant" Weight ..........................................................................................11

VII.  Ms. Chin Will Not Be Prejudiced By Mr. Doe's Use of A Pseudonym ........................................................................................14

VIII. The District Court Did Not Weigh Mr. Doe's Privacy Interest Against Public Access........................................................16

IX.   Mr. Doe Has Not Been Identified ......................................................24

CONCLUSION ...................................................................................25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*A.B. v. C.D.*,
  No. 2-17-cv-5480, 2018 WL 1935999 (E.D.N.Y. Apr. 24, 2018) ................20

*B.R. v. F.C.S.B.*,
  No. 1:19-cv-00917, 2020 WL 12435689
  (E.D. Va. Mar. 10, 2020)..................................................................... 3, 19, 21

*Cray Comm'ns, Inc. v. Novatel Computer Sys., Inc.*,
  33 F.3d 390 (4th Cir. 1994).............................................................................5

*DeSimone v. VSL Pharm. Inc.*,
  36 F.4th 518 (4th Cir. 2022)...........................................................................7

*Doe v. Alger*,
  317 F.R.D. 37 (W.D. Va. 2016)...................................................................2, 6

*Doe v. Colgate Univ.*,
  No. 5:15-cv-1069, 2016 WL 1448829 (N.D.N.Y. Apr. 12, 2016) ................15

*Doe v. Delta Airlines*,
  310 F.R.D. 222 (S.D.N.Y. 2015)..................................................................16

*Doe v. Grinnell College*,
  No. 4:17-cv-079-RGE-SBJ, 2017 WL 11646145
  (S.D. Iowa July 10, 2017)............................................................... 15, 24-25

*Doe v. Indiana Univ.*,
  577 F. Supp. 3d 896 (S.D. Ind. 2022)..........................................................24

*Doe v. Marymount Univ*,
  297 F. Supp. 3d 573 (E.D. Va. 2018)............................................................19

*Doe v. Moreland*,
  2019 WL 2336435 (D.D.C. Feb. 21, 2019) ........................................... 19, 20

*Doe v. Pittsylvania County*,
  844 F. Supp. 2d 724 (W.D. Va. 2012)............................................................2

*Doe v. Purdue Univ.*,
  321 F.R.D. 339 (N.D. Ind. 2017)..................................................................24

*Doe v. Rector & Visitors of George Mason Univ.*,
132 F. Supp. 3d 712 (E.D. Va. 2015) .............................................................22

*Doe v. Rector & Visitors of George Mason Univ.*,
179 F. Supp. 3d 585 (E.D. Va. 2016) .................................................. *passim*

*Doe v. Roe*,
295 F. Supp. 3d 664 (E.D. Va. 2018) .................................................. 19, 22

*Doe v. Rose*,
No. CV-15-07503, 2016 WL 9150620 (C.D. Cal. Sept. 22, 2016) ......... 15-16

*Doe v. The New Ritz, Inc.*,
No. RDB-14-2367, 2016 WL 454940 (D. Md. Feb. 5, 2016) ......................15

*Doe v. Virginia Polytechnic Inst.*,
2020 WL 1309461 (W.D. Va. Mar. 19, 2020) ...............................................18

*Doe v. Virginia Polytechnic Inst.*,
No. 7:18-cv-170, 2018 WL 5929647 (W.D. Va. Nov. 13, 2018) ........ 8, 18, 23

*Doe v. Virginia Polytechnic Inst.*,
No. 7:19-cv-00249, 2020 WL 1287960 (W.D. Va. Mar. 18, 2020) ....... *passim*

*Doe v. Virginia Polytechnic Inst.*,
No. 7:21-cv-378, 2022 WL 972629 (W.D. Va. Mar. 30, 2022) ...... 8, 9, 10, 18

*DTH Media Corp. v. Folt*,
841 S.E.2d 251 (2020) ....................................................................................8

*Feldstein v. Nash Comm'y Health Servs.*,
51 F. Supp. 2d 673 (E.D.N.C. 1999) .............................................................2

*Hill v. Carvana, LLC*,
No. 1-22-CV-37, 2022 WL 1625020 (M.D.N.C. May 23, 2022) ....................5

*James v. Jacobson*,
6 F.3d 233 (4th Cir. 1993) ..................................................................... *passim*

*Menaker v. C.D.*,
No. 2:17-CV-5840, 2018 WL 5776533 (E.D.N.Y. 2018) ............................20

*Robinson v. Warden, Maryland House of Correction*,
455 F.2d 1172 (4th Cir. 1972) ................................................................ 1-2

*Roe v. Does 1-11*,
No. 20-cv-3788, 2020 WL 6152174 (E.D.N.Y. Oct. 14, 2020) ....................19

iii

*Student A. v. Liberty Univ.*,
    602 F. Supp. 3d 901 (W.D. Va. 2022) ...................................................... 13, 15

*U.S. v. Byrd*,
    859 F. App'x 669 (4th Cir. 2021) ........................................................................ 6

*U.S. v. Sineneng-Smith*,
    140 S. Ct. 1575 (2020) ........................................................................................ 5

**Statutes & Other Authorities:**

20 U.S.C. § 1232(b)(6) ........................................................................................ 7

34 C.F.R. § 99.31(a)(14)(i) ................................................................................ 7

34 C.F.R. § 99.39 ................................................................................................ 7

Federal Rule of Civil Procedure 4(m) .......................................................... 14-15

Plaintiff-Appellant John Doe ("Mr. Doe") respectfully submits this reply brief in further support of his appeal. As fully set forth below, Defendant-Appellee Lily Chin ("Ms. Chin") sets forth no grounds warranting the denial of Mr. Doe's appeal.

## ARGUMENT

### I.     The District Court Did Not Weigh the First *James* Factor.

The District Court correctly found that Mr. Doe "desires to proceed pseudonymously in order to preserve his privacy in a matter that is sensitive and highly personal" because "[n]umerous district courts have recognized a plaintiff's interest in preserving privacy where the allegations concern sexual assault." JA57. As set forth in Mr. Doe's opening brief, the District Court did not expressly weigh this factor. App. Br. 28;[1] Resp. Br. at 17.

### II.    The District Court Clearly Erred in Discounting Similar Cases.

Ms. Chin asserts that the District Court properly found that Mr. Doe's reliance on university cases to support his pseudonym motion was "wrong" though the court relied on those same cases to find that Mr. Doe sought to preserve his privacy. Resp. Br. 18; App. Br. 27; JA57, JA61. This is not a matter of the District Court discussing cases that "fall short of supporting the result that the party seeks." Resp. Br. 18. In neither *Robinson v. Warden, Maryland House of Correction*, 455 F.2d 1172, 1174

---

[1] The "Opening Brief of Appellant" is cited herein as "App. Br." "Defendant-Appellee's Response Brief" is cited herein as "Resp. Br." Page citations are to the internal pagination of each brief.

1

(4th Cir. 1972) nor *Feldstein v. Nash Comm'y Health Servs.*, 51 F. Supp. 2d 673, 682-683 (E.D.N.C. 1999), did the court declare that a party was simply "wrong" for pointing to similarities in the cases it relied upon when seeking relief from the court. The District Court's reliance on Mr. Doe's case law demonstrates that Mr. Doe was not "wrong" to assert that courts have granted pseudonym protection under similar circumstances. JA57, JA61; App. Br. 21, 23-24. The District Court did not, as Ms. Chin contends, distinguish Mr. Doe's cases on the ground that they sought "injunctive relief from the results of a university disciplinary proceeding." JA61; Resp. Br. at 18.[2]

## III.     Privacy and Confidentiality Concerns Can Alone Warrant Pseudonym Protection.

The District Court's finding regarding the first *James* factor could "control the outcome." Resp. Br. at 18. There is no rule that prohibits courts from granting pseudonym protection based on the plaintiff's privacy interests alone. The pseudonym factors are case specific and require an evaluation of whether the public identification of the parties should yield to the plaintiff's privacy concerns. *Doe v. Alger*, 317 F.R.D. 37, 40-41 (W.D. Va. 2016) (noting that not all *James* factors may be relevant to a given case). In *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993),

---

[2] *Doe v. Pittsylvania County*, 844 F. Supp. 2d 724 (W.D. Va. 2012), cited in the Response Brief at pages 18-19, did not concern sexual assault allegations. *See* App. Br. at 34.

the Court "recognize[d] that privacy or confidentiality concerns are sometimes sufficiently critical" that parties should be allowed to proceed anonymously. *See B.R. v. F.C.S.B.*, No. 1:19-cv-00917, 2020 WL 12435689, at **24-26 (E.D. Va. Mar. 10, 2020 (granting pseudonym protection where four of five factors weighed against it to "protect the privacy interests of the accuser and accused").

Ms. Chin distinguishes *B.R.* from this case on the ground that it concerned the "repeated rape and torture of a child." Resp. Br. at 37. At the time of the alleged sexual assaults, the accused were also minors. 2020 WL 12435689, at **3-4. At the time of the lawsuit, all parties were adults, which weighed against pseudonymity. *Id.* at *25. The court's finding that the allegations were "highly sensitive" and "immensely personal," (Resp. Br. 37), concerned whether the *accuser* could proceed by pseudonym. *Id.* In determining that the defendants could proceed by their initials, the court considered the "seriousness of the offenses" and "wide-ranging ramifications that these accusations may hold" for the accused if they were publicly identified. *Id.* at *24. The court also considered the risk of unfairness to the defendants. *Id.* at *26. Ms. Chin erroneously contends that Mr. Doe "makes no attempt to analogize" his case to *B.R.* Resp. Br. at 37. Yet Mr. Doe asserts that he "faces the same wide-ranging ramifications" as the defendants in *B.R.* App. Br. at 25, 26, 42.

3

## IV.    The District Court Failed to Consider Irreparable Harm.

Mr. Doe did not argue that the District Court failed to consider "the risk of reputational harm" under the second *James* factor.[3] Resp. Br. at 19-21. Unrelated to the second *James* factor—which concerns the risk of retaliatory harm if Mr. Doe is identified in this lawsuit—Mr. Doe argued that the District Court "failed to consider a significant factor in cases brought by persons falsely accused of sexual misconduct … should John Doe be forced to proceed under his real name, he will suffer the very harm he is trying to prevent through his lawsuit against Jane Doe." App Br. 17, 25-27. There is no indication in the District Court's opinion that this argument was considered. JA44, JA47, JA55-JA62.

## V.    The District Court Erred in Finding
## That the Second *James* Factor Is Neutral.

### A.    The District Court Relied On Inapposite Cases.

Neither case relied upon by the District Court to find that Mr. Doe failed to "produce evidence to support more than a mere general allegation of retaliation" JA58 (cleaned up) supports the District Court's finding. Resp. Br. 23; App. Br. 30-31.[4]

---

[3] Mr. Doe argues that the District Court correctly found that the mere *accusation* of sexual misconduct can invite harassment and ridicule but erroneously determined that the second *James* factor was neutral as opposed to favorable to Mr. Doe. App. Br. 13, 29.

[4] Plaintiff withdraws the statement that the District Court "read an evidence requirement" into the second *James* factor. App. Br. at 29. In assessing pseudonym

## B.    <u>The District Court Searched the Record.</u>

Ms. Chin incorrectly asserts that the District Court's erroneous factual findings were grounded in a proper refusal to search the record. Resp. Br. at 24-26.[5] Mr. Doe's pseudonym motion directed the District Court to the allegations set forth in the Complaint as support for the motion. JA44. With respect to the second *James* factor, Mr. Doe argued that "[i]f his identity is disclosed, [he] Doe could be targeted for retaliatory mental or physical harm based solely on the accusation of sexual misconduct." JA48. Mr. Doe further asserted that "Jane Doe spread false and highly damning claims of a sexual nature about John Doe to classmates, friends, and Tulane's administration." *Id.*

The District Court reviewed the Complaint. JA58 ("For example, plaintiff fails to allege in the complaint that these allegations were widely circulated"). Accordingly, Mr. Doe properly asserts on appeal that the District Court's determination was grounded in the erroneous factual premise that he failed to

---

motions, district courts frequently rely on the complaint, which the District Court did here. *See, e.g.*, *Doe v. Virginia Polytechnic Inst.*, No. 7:19-cv-00249, 2020 WL 1287960, at *1 (W.D. Va. Mar. 18, 2020) ("*Virginia Tech. II*); JA58.

[5] Ms. Chin's cited cases are inapposite. Resp. Br. 25-26. *Cray Comm'ns, Inc. v. Novatel Computer Sys., Inc.*, 33 F.3d 390, 396 (4th Cir. 1994), concerned a summary judgment motion that cited no record evidence. *Hill v. Carvana, LLC,* No. 1-22-CV-37, 2022 WL 1625020, at *5 (M.D.N.C. May 23, 2022), likewise concerned the failure to cite record evidence in support of summary judgment motions. *U.S. v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020), concerned the scope of a Ninth Circuit appeal panel's discretion to invite submissions by *amici curiae*.

produce evidence of more than a general fear of retaliation. App. Br. 30-31. This was

clear error[6] because the Complaint specifically alleges that Mr. Doe has already

suffered retaliation, including threats to his safety, as a result of being falsely accused

of sexual misconduct. App. Br. 30-31. These allegations demonstrate that there is a

"risk" of retaliation if Mr. Doe is named in this lawsuit. App. Br. at 31.

## C.   "Aggravating Factors" Are Not Required.

The District Court's opinion minimized the risk of retaliatory harm to Mr. Doe

due to a lack of "aggravating factors." JA58; App. Br. 14, 30-32. This was grounded

in (i) the erroneous legal premise that a party must establish aggravating factors for

the second *James* factor to weigh in favor of proceeding by pseudonym (App. Br.

30-31); and (ii) the clearly erroneous factual premise that Mr. Doe failed to allege

that the accusations against him were widely circulated. App. Br. 30-31. Ms. Chin

argues that the District Court merely distinguished cases cited by Mr. Doe and, in

doing so, committed no error. Resp. Br. 26-27.

In *Alger*, 317 F.R.D. at 40, the court considered media attention of its own

accord, and found that the second *James* factor weighed in favor of anonymity. *Id.*

In *Doe v. Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d at 585, 593

(E.D. Va. 2016), the court considered that Professor Eugene Volokh had blogged

---

[6] On appeal, the Court determines whether the factual findings below were "clear error," or whether the district court's account of the evidence is plausible in light of the record viewed in its entirety." *U.S. v. Byrd*, 859 F. App'x 669, 671 (4th Cir. 2021).

about the case online, but also found that the plaintiff could be targeted for physical and mental harm based on the accusations alone. App. Br. 23-24. Mr. Doe now faces a similar threat because Professor Volokh publicized the District Court's decision in his online blog. App. Br. 24, n. 1. Here, the District Court recognized that mere accusations of sexual misconduct can invite "harassment and ridicule" yet found the second *James* factor to be "neutral." JA57.

### D. The Confidential Nature of the Underlying Disciplinary Proceedings Weighs in Favor of Pseudonym Protection.

Ms. Chin argues that the federal government's recognition of the risk of retaliation to alleged perpetrators of sexual misconduct, and attendant confidentiality requirement in university disciplinary proceedings,[7] should not be considered by the Court because Mr. Doe's identity could be disclosed under the Title IX regulations and Family Educational Rights and Privacy Act ("FERPA") due to Tulane finding Mr. Doe responsible for sexual misconduct. Resp. Br. 22-23. Neither the Title IX regulations nor FERPA mandate public disclosure of the identities of students found responsible for sexual misconduct. 20 U.S.C. § 1232(b)(6); 34 C.F.R. §§ 99.31(a)(14)(i), 99.39. Tulane, a private university located in Louisiana, is not

---

[7] This argument was not raised for the first time on appeal. Resp. Br. 22. It is merely a variation of Mr. Doe's argument that he could be "targeted for retaliatory physical or mental harm based solely on the accusation of sexual misconduct." JA48. *See* App. Br. 23-25, 28-29. *See DeSimone v. VSL Pharm. Inc.*, 36 F. 4th 518, 528 (4th Cir. 2022) ("[V]ariations on arguments made below may be pursued on appeal").

subject to the mandate for public universities responding to Public Records Act requests in North Carolina. *See DTH Media Corp. v. Folt*, 841 S.E.2d 251, 259 (2020). Nor is there an allegation that Mr. Doe has been publicly identified by Tulane. JA4-42. *See Virginia Tech. II*, 2020 WL 1287960, at **3-4 (granting pseudonym protection where plaintiff was publicly identified in criminal proceeding but "circumstances at issue in the university disciplinary process ha[d] not been publicly revealed").

Mr. Doe's argument that the principles relied upon in granting pseudonym protection in litigation against educational institutions are applicable in his case is not "misplaced." Resp. Br. 21; App. Br. 21-25. In the instances in which the courts of this Circuit have considered the confidential nature of underlying disciplinary proceedings in granting pseudonym status, the plaintiffs, like Mr. Doe, were found responsible for sexual misconduct. App. Br. 21-25, 28-29; *Doe v. Virginia Polytechnic Inst.*, No. 7:21-cv-378, 2022 WL 972629, at *1 (W.D. Va. Mar. 30, 2022) ("*Virginia Tech. III*"); *Virginia Tech. II*, 2020 WL 1287960, at *1; *Doe v. Virginia Polytechnic Inst.*, No. 7:18-cv-170, 2018 WL 5929647, at *1 (W.D. Va. Nov. 13, 2018) ("*Virginia Tech. I*"); *Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d at 586. The courts did not view the subsequent litigation as "an extension of a confidential Title IX proceeding." Resp. Br. 22. Rather, the primary concern was whether the confidential details of the investigation, finding and sanction had

previously been made public. *See Virginia Tech. III*, 2022 WL 972629, at *4; *Virginia Tech. II*, 2020 WL 1287960, at *3. A substantial portion of Mr. Doe's claims concern the statements that Ms. Chin made to Tulane administrators in order to commence a disciplinary proceeding against him and as part of that disciplinary proceeding. JA17-JA30, JA32-JA35. There is no allegation that Ms. Chin publicized the findings or Plaintiff's expulsion from Tulane. *See* JA4-JA42. While this case does not name Tulane as a defendant, the Mr. Does' allegations call Tulane's disciplinary process into question by challenging the evidence relied upon to expel Mr. Doe. *See* Resp. Br. 22, 46; JA20-JA32. This case also challenges the veracity of the statements made by Ms. Chin within Tulane's disciplinary process. JA17-32. When Mr. Doe moved for pseudonym protection, he attempted to maintain confidentiality by seeking pseudonym protection for Jane Doe and Sue Roe. JA43-JA44, JA48, JA50; SA4.

## E. **Potential Harm to Non-Parties Was A Relevant Consideration.**

The District Court did not, as Ms. Chin contends, properly determine that the "harm resulting from publicizing Ms. Chin's and Sue Roe's names did not affect its decision on Mr. Doe's request to proceed by pseudonym." Resp. Br. 27. The wording of the District Court's decision is different, stating that potential harm to Jane Doe or Sue Roe "does not affect whether the court should allow [Mr. Doe] to pursue this action pseudonymously." JA58. Several courts in this Circuit have held that the

consideration of harm to nonparties is a "critical" part of determining whether the requesting party can proceed by pseudonym. App. Br. 32-33.

Mr. Doe tied the disclosure of his identity to potential harm to Jane Doe and Sue Roe. Resp. Br. 27. Mr. Doe's motion states that "Identification of John Doe Poses Potential Retaliatory Physical and Mental Harm." JA48. Mr. Doe discussed Jane Doe and Sue Roe under that heading and provided a pincite to *Virginia Tech. III*, 2022 WL 972629, at *2, which states:

> Were his identity known, he could be subject to harassment and ridicule via social media as well as by persons with whom he comes into contact in his daily life. Also, having Doe's name appear publicly increases the chances that the identity of the female student will become known as well, subjecting her to unwanted scrutiny, harassment, and ridicule. The court finds that this factor weighs in favor of allowing Doe to proceed anonymously.

JA48.

Ms. Chin is incorrect in her assertion that Mr. Doe did not seek pseudonym protection for "Ms. Chin or anyone else." Resp. Br. 28, 42; App. Br. 32. Mr. Doe's motion clearly states "[i]n support of this motion [Mr. Doe] will file contemporaneously a memorandum of law which is incorporated herein." SA1. The memorandum of law clearly states on page 1, "[c]onsistent with Plaintiff's motion to proceed by pseudonym, all students shall be identified herein by pseudonym as well." JA43. The memorandum of law does not state that Mr. Doe wants to identify Sue Roe and Jane Doe by their true names in the action. JA44. The memorandum of

10

law further states "[t]he Court should allow John Doe, Jane Doe and Sue Roe to proceed anonymously." JA50. The proposed order appended to the motion states "it is hereby ORDERED that *the parties* shall proceed in this action by referring to one another's pseudonym in the manner set out in the Motion." SA4 (emphasis added).

Mr. Doe's motion to stay is irrelevant. Resp. Br. 29. The District Court did not order that Mr. Doe name Ms. Chin in his amended complaint. JA62. Accordingly, there was no portion of the order that Mr. Doe could seek to stay other than the filing "of the amended complaint using his real name." JA62. In seeking, and obtaining, the stay from the District Court Mr. Doe also prevented the identification of Ms. Chin prior to a decision on this appeal.

Ms. Chin attempts to blame Mr. Doe for her counsel's advice and decision to file "appearance and disclosure forms that call for the name of the party filing them" in her real name. Resp. Br. 30. Mr. Doe did not identify himself or Ms. Chin in the docketing statement he filed with the Court. Docket # 5. Ms. Chin was free to submit her own pseudonym motion to the District Court and file any necessary forms or appearances relating to Mr. Doe's appeal under the "Jane Doe" pseudonym.

## VI.     The Fourth *James* Factor Does Not Carry "Significant" Weight.

Mr. Doe argues on appeal that the District Court abused its discretion in attributing significant weight to the fourth *James* factor. Resp. Br. 32; App. Br. 33-36. Mr. Doe does not argue that the fourth *James* factor is neutral or weighs in favor

11

of pseudonymity. App. Br. 33-36. Mr. Doe addresses the cases relied upon by the District Court, and discussed in Ms. Chin's response brief, at pages 33-36 of his opening brief.

Several courts have granted pseudonym protection to parties accused of sexual misconduct even though they found that the fourth *James* factor weighed against pseudonymity. App. Br. 22, 33, 36. Given that certain cases relied upon by the District Court in evaluating the fourth *James* factor, and cited in Mr. Doe's pseudonym motion, granted pseudonym protection in cases where the fourth factor did not weigh in favor of it, it is reasonable to conclude that the District Court's decision "appears to be grounded in a general disapproval of party anonymity in cases involving private parties." App. Br. 33-36.

Mr. Doe does not contend that the District Court based its decision solely on the fourth *James* factor, (Resp. Br. 36), but that, apart from erroneously attributing significant weight to the fourth *James* factor, the District Court erroneously declined to weigh the first *James* factor, relied on erroneous legal and factual premises to determine that the second *James* factor was neutral and erred in finding that the fifth *James* factor weighed against pseudonymity. *See generally* App. Br. Contrary to Ms. Chin's assertion, the District Court did not weigh Mr. Doe's privacy interest against the public's access to judicial proceedings. Resp. Br. 36; App. Br. 37-42.

Ms. Chin cannot reasonably dispute that Mr. Doe filed the action using the "Jane Doe" pseudonym or that she elected to proceed in her own name. *See* Resp. Br. 42 (acknowledging "Mr. Doe did not use Ms. Chin's name in his complaint"). Accordingly, Mr. Doe did not seek to obtain a judgment, or proceed, against Jane Doe in her real name. Resp. Br. 34. Ms. Chin's choice to identify herself demonstrates that she has no concern about harm to her reputation or good name. Resp. Br. 33.

Ms. Chin argues that if she and Mr. Doe had both been allowed to proceed by pseudonym, unfairness would still result because she speculates that Mr. Doe could wield a judgment to his advantage by forcing Ms. Chin to pay him money. Resp. Br. 34. Typically, judgments require the payment of money so it is unclear how Ms. Chin could be *forced* to pay Mr. Doe. Had Ms. Chin proceeded by pseudonym she would have had a significant advantage because Mr. Doe would need to make a motion to name Ms. Chin at trial and in any resulting judgment.

Concerns about the possible entry of a judgment after trial could have been addressed by the entry of an order which permitted Mr. Doe to proceed by pseudonym for part of the proceedings, such as the discovery phase of the action, and to be identified by pseudonym on the docket, while requiring him to make a second motion to use a pseudonym at any later stage of the action. Resp. Br. 33; JA59; *Student A. v. Liberty Univ.*, 602 F. Supp. 3d 901, 920 n. 9 (W.D. Va. 2022).

Because Mr. Doe's motion was decided before Ms. Chin was able to respond, and Mr. Doe could not submit a reply, the ways in which any potential unfairness could have been mitigated was not briefed by the parties.

## VII. <u>Ms. Chin Will Not Be Prejudiced By Mr. Doe's Use of A Pseudonym.</u>

The District Court erred in concluding that Mr. Doe's identification of non-parties by their initials in the Complaint would prejudice Ms. Chin in discovery. App. Br. 36-37; Resp. Br. 37. Apparent on the face of the Complaint is that Ms. Chin knows the identities of "H.W.," "K.S.," "T.R.," "Sue Roe," "N.B.," "L.A.," "K.R.," "B.M.," and "E.M." JA10, JA11, JA14, JA16, JA20, JA21, JA24, JA25, JA27, JA29. Ms. Chin also knows the identities of the witnesses in Tulane's Title IX investigation, including those identified, or who gave statements, in relation to Sue Roe's allegations. JA17-JA32, JA59 (acknowledging Ms. Chin's participation in Title IX proceedings).

Ms. Chin asserts that "anonymity can create prejudice even when the defendant knows the identity of the plaintiff." Resp. Br. 39. Here, the only other basis for the District Court's finding on the fifth *James* factor was the clearly erroneous conclusion that Ms. Chin would be confused by the "pervasive anonymity" in the Complaint. JA57.[8]

---

[8] The timing of Mr. Doe's service of the Complaint has no bearing on Ms. Chin's lack of opportunity to oppose the pseudonym motion, to the extent Ms. Chin suggests that it was somehow deliberate. Resp. Br. 39. Rule 4(m) of the Federal

Ms. Chin's arguments that she will be prejudiced in discovery are unsupported by the record. Resp. Br. 37-42. Mr. Doe did not seek to conceal his identity, or the identities of any nonparties unknown to Ms. Chin, during discovery. JA43-54. Because there was no opportunity for additional briefing before the District Court, neither party could address the mitigation of any prejudice during the discovery phase of the case. Courts routinely find that a defendant will not be prejudiced in discovery so long as the pseudonymous plaintiff's identity is known to the defendant. *Liberty Univ.*, 602 F. Supp. at 920; *Doe v. Grinnell College*, No. 4:17-cv-079-RGE-SBJ, 2017 WL 11646145, at *4 (S.D. Iowa July 10, 2017); *Doe v. Colgate Univ.*, No. 5:15-cv-1069, 2016 WL 1448829, at * 3 (N.D.N.Y. Apr. 12, 2016); *Doe v. The New Ritz, Inc.*, No. RDB-14-2367, 2016 WL 454940, at **2-3 (D. Md. Feb. 5, 2016).

Ms. Chin asserts that she will be prejudiced if Mr. Doe is allowed to proceed by pseudonym at trial. Resp. Br. 39-41. The District Court did not address this issue in its opinion. JA59. In *Liberty University*, the court granted the plaintiffs' pseudonym motion but left open the possibility of re-examining the plaintiff's use of a pseudonym at a later stage of the case, including at trial. 602 F. Supp. 3d at 920 n. 9. *See* Resp. Br. 39-43. *See Doe v. Rose*, No. CV-15-07503, 2016 WL 9150620, at

---

Rules of Civil Procedure requires service to be completed within 90 days of filing. Mr. Doe could not have predicted when the District Court would decide his motion. It is also clear that the District Court elected to decide the motion without hearing from Ms. Chin on the issue of prejudice. JA59.

*3 *C.D. Cal. Sept. 22, 2016); *Doe v. Delta Airlines*, 310 F.R.D. 222, 225 (S.D.N.Y. 2015).

In *James*, the plaintiffs first obtained an *ex parte* protective order prior to filing their complaint. 6 F. 3d at 235. After the defendant argued that the order prejudiced his defense, the district court required the plaintiffs to disclose their identities to the defendant and instituted measures to protect the plaintiffs' identities during discovery. *Id.* at 235-236. Ms. Chin attempts to distinguish a concession made by the plaintiffs in *James* on the eve of trial from the type of damages sought by Mr. Doe. Resp. Br. 41. The *James* plaintiffs simply agreed to tailor their damages claims so that they did not relate to the grounds for seeking pseudonym protection. 6 F.3d at 241. As discussed *infra* at Point VIII, Mr. Doe's damages are related to specific harm caused by Ms. Chin's false statements.

## VIII.  The District Court Did Not Weigh Mr. Doe's Privacy Interest Against Public Access.

The District Court did not, as Ms. Chin contends, balance Mr. Doe's specific interest in anonymity against the presumption of openness in judicial proceedings. Resp. Br. 45-61; App. Br. 37-42.

**First**, Ms. Chin conflates the additional factor of irreparable harm with the public's right of access. Resp. Br. 45-46. The District Court did not consider irreparable harm in its analysis. *See supra* Point II; App. Br. 25-27. Whether Mr. Doe should have to choose between litigating the underlying action or cause the harm he

is seeking to prevent by re-filing the case in his own name is a different question than whether Mr. Doe has a substantial privacy interest which outweighs the presumption of openness in judicial proceedings. App Br. 25-27, 37-39. The type of relief that Mr. Doe seeks in this lawsuit bears no relevance to the balancing of his privacy interest against the presumption of openness. *See* Resp. Br. 45-47.

In *Rectors & Visitors of George Mason University*, the plaintiff won his case at the summary judgment stage. 179 F. Supp. 3d at 586-587. He then moved to proceed by pseudonym in a subsequent stage of the case in which the court would determine the proper remedy. *Id.* While the court found that expungement of the charge at issue was appropriate, it held that the university could not be precluded from commencing a new disciplinary action against the plaintiff on unrelated charges of sexual misconduct that had been lodged by the same complainant. *Id.* at 592. The court *did not consider* the plaintiff's request for injunctive relief when it determined that the allegations against the plaintiff were sufficiently severe to be an "extraordinary circumstance" warranting pseudonym protection even though there was an "'especially compelling'" public interest in the case. *Id.* at 594 (quoting *Public Citizen*, 749 F.3d at 274). The court further held that public access would not be unduly restricted because the public had full access to the litigation materials filed in the case except for the plaintiff's (and the Title IX complainant's) identities. *Id.* Here, the public has full access to the case docket and Ms. Chin's identity.

17

In *Virginia Tech. II*, 2020 WL 1287960, at *2, the court did not consider the type of relief sought by the plaintiff when it determined that the plaintiff's privacy interest outweighed the presumption of openness in judicial proceedings. *Id.* at *5. Ms. Chin's citation to the court's subsequent opinion in this case simply demonstrates that the plaintiff sought to expunge his record. There is no discussion about the presumption of openness in public proceedings. Resp. Br. 45; *Virginia Polytechnic Inst.*, 2020 WL 1309461, at *4 (W.D. Va. Mar. 19, 2020). *See also Virginia Tech I*, 2018 WL 5929647, at *4; Resp. Br. 45.

In *Virginia Tech III*, the court referenced the plaintiff's request for injunctive relief at the end of the opinion, noting—as an additional consideration—that the disclosure of his identity would undermine the relief that he was seeking. 2022 WL 972629, at *4; *See* App. Br. 25-27. With respect to balancing the plaintiff's privacy interest against public access, the court found that the "personal and sensitive nature" of the allegations against the plaintiff and potential for details of the Title IX investigation to become public outweighed the need for the public to know the plaintiff's identity. *Virginia Tech. III*, 2022 WL 972629, at *4. The court further noted that the "public has access to the docket in this case, and can read the pleadings, opinions, and orders and attend hearings." *Id.* The public has the same access here.

*Second*, in distinguishing university cases on the ground that actions against educational institutions are unlike actions against private individuals, (Resp. Br. 43), Ms. Chin ignores that plaintiffs often sue individual defendants in cases against universities. *See*, *e.g.*, *Virginia Tech II*, 2020 WL 1287960, at * 5. In *Doe v. Roe*, 295 F. Supp. 3d 664 (E.D. Va. 2018), the plaintiff proceeded by pseudonym in a defamation lawsuit against his accuser (also identified by pseudonym) and his university. *See Doe v. Marymount Univ*, 297 F. Supp. 3d 573, 576 (E.D. Va. 2018). Ms. Chin also fails to address *B.R.*, 2020 WL 12435689, at *24, in which an accuser sued the accused for the tort of civil assault and battery and all parties to the action were permitted to proceed by their initials. App. Br. 42.

*Third*, the defamation cases discussed by Ms. Chin, in which pseudonym protection was denied, are not dispositive. Resp. Br. 43-44; App. Br. 40-41 (discussing *Roe v. Does 1-11*, No. 20-cv-3788, 2020 WL 6152174, at *6 (E.D.N.Y. Oct. 14, 2020).

In *Doe v. Moreland*, 2019 WL2336435, at *1 (D.D.C. Feb. 21, 2019), the plaintiff—who was accused of making a colleague "uncomfortable and intimidated by pursuing a relationship with her"—was *permitted* to proceed by pseudonym in his defamation action in state court, but was denied the same right when the case was removed to federal court. Unlike the present case, his allegations hardly met the standard of being "sensitive and highly personal." *Id.* at *2. The court noted the

19

"[p]laintiff has not alleged that [defendant] falsely accused him of anything close to the graphically detailed rape or sexual assault that courts in this Circuit have found to warrant proceeding pseudonymously." *Id.* While the court distinguished between granting pseudonym protection for "victims of such conduct" and a person "falsely accused of such conduct," such a distinction treads very closely to assessing the merits of a party's claims and applying a blanket rule rather than conducting a case-specific analysis. Overall, the court determined that the relevant factors weighed against the plaintiff proceeding by pseudonym. *Id.* at *3.

In *A.B. v. C.D.*, No. 2-17-cv-5480, 2018 WL 1935999, at *2-3 (E.D.N.Y. Apr. 24, 2018), the plaintiff, a university coach who had been accused of sexually harassing a student athlete, had already been identified by name in a related litigation. *See Menaker v. C.D.*, No. 2:17-CV-5840, 2018 WL 5776533, at *1 (E.D.N.Y. 2018).

**Fourth**, Mr. Doe's motion to proceed by pseudonym is consistent with "the relief he seeks in this case," although this is not a necessary consideration when evaluating a pseudonym motion. Resp. Br. 47. The District Court did not consider Mr. Doe's request for "damages to reputation" when deciding his motion. Resp. Br. 47; JA55-62. Mr. Doe brought this action to remedy *inter alia* the reputational harm suffered as a result of statements made by Ms. Chin when they were both students at Tulane. JA14-32. The statements were made to a specific audience—

20

predominantly Tulane administrators, students and Ms. Chin's Instagram and TikTok followers. JA14-34. It is not alleged that Ms. Chin identified Mr. Doe by name on Instagram or TikTok. JA14, JA27. Ms. Chin also made false statements in a TRO petition to the Louisiana Civil Court, but the petition was dismissed. JA30-JA31; *Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d at 593 n. 20. One ground for Mr. Doe's pseudonym motion is to prevent *further harm* to his reputation through the disclosure of his name on the public docket. *See* App. Br. 25-29; *B.R.*, 2020 WL 12435689, at *24 (recognizing wide ranging ramifications for the accused if identified in the lawsuit).

**Fifth**, If Mr. Doe proceeds by pseudonym, Ms. Chin will not be prevented from assessing Mr. Doe's reputation before and after she is alleged to have made the false statements about Mr. Doe. Resp. Br. 47.[9] She is aware of the identities of the various persons to whom she made statements about Mr. Doe. Mr. Doe did not represent to the District Court that he would not disclose his identity in discovery or that he would refuse to name the persons identified by their initials in the complaint if Ms. Chin cannot identify them. JA43-JA50.

**Sixth**, the admissibility of character evidence in defamation actions was not considered by the District Court. Resp. Br. 47. Ms. Chin makes no argument as to

---

[9] How "others" perceive Mr. Doe "now" is not a relevant line of inquiry. *See* Resp. Br. 47.

why this is a relevant consideration for deciding whether a party should be allowed to proceed by pseudonym. *Id.* She cites no case suggesting that this is a reason to deny pseudonym protection. University cases in this Circuit have allowed plaintiffs to advance claims for reputational harm under a pseudonym. *See, e.g.*, *Doe v. Rector & Visitors of George Mason Univ.*, 132 F. Supp. 3d 712, 723 (E.D. Va.2015). In *Doe v. Roe*, 295 F. Supp. 3d at 664, the plaintiff proceeded by pseudonym in a defamation action against his accuser and university.

**Seventh**, Mr. Doe's desire to "clear his name" bears no relevance to the public's right of access. Resp. Br. 48. The public's qualified right of access under the First Amendment concerns the public's right to monitor, and understand, how cases are adjudicated. *Public Citizen*, 749 F.3d at 268 ("Access to docket sheets therefore enhances the appearance of fairness and enlightens the public both to the procedures the district court utilized to adjudicate the claims before it and to the materials it relied upon in reaching its determinations.") Should Mr. Doe prevail on his defamation claim against Ms. Chin, he would certainly be able to clear his name amongst the persons who know about her allegations against him, including his friends, former classmates and Tulane's administrators.

**Eighth**, in his pseudonym motion, Mr. Doe asserted that public access to judicial proceedings is not compromised by a party's use of a pseudonym. App. Br. 39. The District Court erroneously found that Mr. Doe failed to address public access

in his motion. App. Br. 39. While Ms. Chin disagrees with the placement of Mr. Doe's argument in the moving brief, and the selected quote, that does not equate to Mr. Doe altogether failing to address the issue of public access. Resp. Br. 50. Ms. Chin contends that Mr. Doe's citation to *Virginia Tech. I*, is "inapposite on its face," because the language quoted in his motion references a "constitutional issue." *Id.* Per *Virginia Tech. I*, the court was addressing a specific "constitutional issue" relating to public access—the First Amendment's "protections of freedom of speech and press" which "safeguard the public's right to attend trials." 2018 WL 5929647, at *2.[10]

**Ninth**, the District Court's reliance on mutual pseudonymity as a basis for denying Mr. Doe's motion was an abuse of discretion because the District Court refrained from deciding whether Ms. Chin could proceed by pseudonym. App. Br. 39-40. There was no attempt to weigh Mr. Doe's individual privacy interest against the presumption of openness in judicial proceedings, or consideration of the minimal impact that Mr. Doe's pseudonymity would have on the public's ability to review and monitor the case docket and proceedings. App Br. 37-39.

---

[10] Ms. Chin incorrectly asserts that Mr. Doe has not "raised a 'constitutional issue' in this money damages action against another private citizen." Resp. Br. 50. Defamation actions concern whether the complained-of statements are protected under the First Amendment.

## IX.    <u>Mr. Doe Has Not Been Identified.</u>

Ms. Chin contends that the District Court should have denied Mr. Doe's pseudonym motion because the Complaint contains details about Mr. Doe's academic life and activities, plans for graduate study (though no allegation that he was enrolled in a program) and his state of residence, through which he could be identified.[11] Resp. Br. 51-53. As noted by Ms. Chin, this was not considered by the District Court. Resp. Br. 51 n. 7. This argument is not supported by the record. *Id.*

Ms. Chin asserts that Mr. Doe "attempts to benefit from his reputation without risking embarrassment," ignoring that Mr. Doe attempted to shield Ms. Chin's identity from disclosure in the underlying action. Ms. Chin is not concerned about her reputation because she chose to proceed under her real name. There is also no support in the record for Ms. Chin's contention that Mr. Doe can be, or has been, identified through the information set forth in his pleading. Resp. Br. 52-53. In contrast, in *Doe v. Indiana Univ.*, 577 F. Supp. 3d 896, 908 (S.D. Ind. 2022), which did not concern sexual assault allegations, the court found that a "quick Google search" using the details in the complaint revealed the plaintiff's identity. *Cf. Doe v. Purdue Univ.*, 321 F.R.D. 339 (N.D. Ind. 2017) (granting pseudonym motion though complaint contained details about plaintiff's ROTC involvement); *Grinnell College*,

---

[11] Mr. Doe was required to disclose his state of residence because the underlying action is grounded in diversity jurisdiction. JA6.

2017 WL 11646145, at *1, *3 (no disclosure of plaintiff's identity through his case); *Univ. of the South*, 2011 WL 13197184, at * 18 (plaintiff had not yet been identified, even by "competent investigator"). In cases involving sexual assault allegations, courts in this Circuit have allowed the accused to proceed by pseudonym even when they have already been publicly identified. *See Virginia Tech. II*, 2020 WL 1287960, at *3 (granting pseudonym protection even though plaintiff had been criminally charged as a matter of public record); *Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d at 593 n. 20 (granting pseudonym protection though plaintiff's name had been disclosed in state court proceeding for protective order).

## CONCLUSION

The Court should (i) reverse the District Court's denial of John Doe's pseudonym motion, allowing John Doe to proceed by pseudonym in the underlying action; (ii) remand the case to the District Court, and (iii) grant such other and further relief as this Court deems just and proper.

Dated:      April 19, 2023

Respectfully Submitted,

  /s/ *Kara L. Gorycki*

   Kara L. Gorycki
Andrew T. Miltenberg
Nesenoff & Miltenberg, LLP
363 Seventh Ave., 5th Floor
New York, New York 10001
(212)736-4500
kgorycki@nmllplaw.com
amiltenberg@nmllplaw.com

*Attorneys for Plaintiff-Appellant*
*John Doe*

**UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT**
**Effective 12/01/2016**

No. __23-1058__      **Caption:** John Doe v. Jane Doe_____

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT**
Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

---

**Type-Volume Limit for Briefs:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 13,000 words or 1,300 lines.   Appellee's Opening/Response Brief  may not exceed 15,300 words or 1,500 lines.  A Reply or Amicus Brief may not exceed 6,500 words or 650 lines. Amicus Brief in support of an Opening/Response Brief may not exceed 7,650 words. Amicus Brief filed during consideration of petition for rehearing may not exceed 2,600 words. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include headings, footnotes, and quotes in the count. Line count is used only with monospaced type.  See Fed. R. App. P. 28.1(e), 29(a)(5), 32(a)(7)(B) & 32(f).

---

**Type-Volume Limit for Other Documents if Produced Using a Computer:** Petition for permission to appeal and a motion or response thereto may not exceed 5,200 words. Reply to a motion may not exceed 2,600 words. Petition for writ of mandamus or prohibition or other extraordinary writ may not exceed 7,800 words. Petition for rehearing or rehearing en banc may not exceed 3,900 words.  Fed. R. App. P. 5(c)(1), 21(d), 27(d)(2), 35(b)(2) & 40(b)(1).

---

**Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger.  A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch). Fed. R. App. P. 32(a)(5), 32(a)(6).

---

This brief or other document complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. R. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

[✓] this brief or other document contains _____6,314_____ [*state number of*] words

[ ] this brief uses monospaced type and contains _____ [*state number of*] lines

This brief or other document complies with the typeface and type style requirements because:

[✓] this brief or other document has been prepared in a proportionally spaced typeface using
MS Word_____ [*identify word processing program*] in
Times New Roman, 14 pt._____ [*identify font size and type style*]; **or**

[ ] this brief or other document has been prepared in a monospaced typeface using
_____ [*identify word processing program*] in
_____ [*identify font size and type style*].

(s) Kara L. Gorycki_____

Party Name appellant_____

Dated: 4/19/2023_____