Exhibit 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

JOHN DOE                                                         CIVIL ACTION

VERSUS                                                          NO. 23-1348

THE ADMINISTRATORS OF THE                    SECTION: D (4)
TULANE EDUCATIONAL FUND

<u>**ORDER  and REASONS**</u>

Before the Court is an *Ex Parte* Motion to Proceed Under Pseudonym, filed by

plaintiff, John Doe.[1]  Defendant has not yet appeared and has not filed a response to

the Motion.

After careful consideration of the Plaintiff's Motion, Supporting Memorandum,

and the applicable law, the Motion is **GRANTED in part and DENIED in part.**

## I.    FACTUAL AND PROCEDURAL BACKGROUND

This case arises from alleged "biased and flawed disciplinary proceedings"

against plaintiff, John Doe, by the Administrators of the Tulane Educational Fund

("Tulane"), in response to allegations of sexual misconduct.[2]  Plaintiff alleges that he

withdrew from Tulane as a result of the allegations,[3] that Tulane subsequently

banned him from campus and from participating in university-sponsored events

while conducting an investigation of nonconsensual sexual contact,[4] and that Tulane

---

[1] R. Doc. 3.
[2] R. Doc. 1 at ¶¶ 1-2, 6, & 9.
[3] *Id*. at ¶¶ 4 & 281.
[4] *Id*. at ¶¶ 7 & 273.

1

expelled him following the investigation.[5]  Plaintiff claims that the investigation and disciplinary actions by Tulane were wrongful.[6]

## II.    LEGAL STANDARD

Under Fed. R. Civ. P. 10(a), a complaint "must name all the parties," including the plaintiff.  The Fifth Circuit has held that, "Public access to this information is more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings."[7] Nonetheless, a party may proceed anonymously or under a pseudonym in certain circumstances.  In the Fifth Circuit, a request to litigate under a pseudonym "requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings."[8]  The Fifth Circuit has further cautioned that there is "no hard and fast formula for ascertaining whether a party may sue anonymously."[9]

The Fifth Circuit has identified three factors that a district court should consider when determining whether a party can proceed anonymously: (1) whether the plaintiff is "suing to challenge governmental activity;" (2) whether the suit compels the plaintiff "to disclose information 'of the utmost intimacy;'" and (3) whether the suit compels the plaintiff to admit an "intention to engage in illegal

---

[5] *Id*. at ¶¶ 2-13 & 190-191, 196, 198, & 214.
[6] *Id*. at ¶¶ 214-243, 278, 284-488.
[7] *Doe v. Stegall*, 653 F.2d 185, 185 (5th Cir. Unit A 1981) (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 100 S.Ct. 2814, 2829 & n.17, 65 L.Ed.2d 973 (1980)).
[8] *Stegall*, 653 F.2d at 186.
[9] *Id*.

conduct, thereby risking criminal prosecution."[10]  According to the Fifth Circuit, these three factors "deserve considerable weight in the balance pitting privacy concerns against he presumption of openness of judicial proceedings."[11]

### III.    ANALYSIS

In the instant Motion, Plaintiff makes the following five requests:

1. Allow Plaintiff to proceed by the pseudonym "John Doe" in this action;
2. Require the use of the pseudonym "John Doe" in public filings and require the redaction of Plaintiff's name and identifying information from public filings;
3. Prohibit Tulane from publicly identifying Plaintiff in connection with this litigation;
4. Require the complainants in the underlying disciplinary proceedings to be identified as "Sue Roe" and "Jane Doe" in public filings and require the redaction of their names from public filings; and
5. Permit the parties to identify nonparties to the action who were Tulane University students at the time of the events alleged in the Complaint to be identified by their initials in public filings and redact their full names from public filings.[12]

Applying the *Stegall* factors here, the Court finds that Plaintiff's interest in proceeding anonymously outweighs the public interest in open proceedings with respect to himself, Sue Roe, and Jane Doe.  This suit arises from claims related to Plaintiff's sexual conduct with Sue Roe and Jane Doe, and will require the disclosure of private, intimate details concerning their sexual interactions.  Thus, this case will require Plaintiff to disclose information regarding himself, Sue Roe, and Jane Doe that is of the "utmost intimacy."[13]  As to Sue Roe and Jane Doe, their right to privacy

---

[10] *Id.* at 185 (citing *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707 (5th Cir. 1979)).
[11] *Stegall*, 653 F.2d at 186.
[12] R. Doc. 3.
[13] *Stegall*, 653 F.2d at 186.

regarding the events described in the Complaint also outweigh the public's right to know their identity.[14]

Additionally, in cases like this, where male students have sued universities for flawed and deficient disciplinary proceedings concerning allegations of sexual misconduct, courts in this Circuit have repeatedly allowed plaintiffs to proceed under a pseudonym.[15] The Court further finds that Tulane will not be prejudiced by allowing Plaintiff, Jane Doe, and Sue Roe to proceed pseudonymously, as Plaintiffs assert that Tulane knows the identities of Plaintiff, Jane Doe, Sue Roe, and the non-party Tulane students identified by their initials in the Complaint and will be able to conduct this litigation without impediment.[16] The Court finds, however, that Plaintiff has not shown a sufficient basis at this point in time to require the non-party students to be referenced by their initials.[17] As such, that request is denied.

## IV.    CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's *Ex Parte* Motion to Proceed Under Pseudonym,[18] is **GRANTED in part and DENIED in part.** The Motion is **GRANTED** to the extent that Plaintiff seeks to proceed by the pseudonym "John Doe," and Plaintiff shall be referred as "John Doe"

---

[14] *Doe v. Univ. of Mississippi*, Civ. A. No. 3:21-cv-201-DPJ-FKB, 2021 WL 6752261, at *2 (S.D. Miss. Apr. 14, 2021) (Ball, M.J.) (quotation and quotation marks omitted); *Doe v. Louisiana State Univ.*, Civ. A. No. 20-379-BAJ-SDJ, 2020 WL 6493768, at *2 (M.D. La. June 30, 2019) (Johnson, M.J.);

[15] *Doe v. Louisiana State Univ.*, Civ. A. No. 20-379-BAJ-SDJ, 2020 WL 6493768 at *2; *See*, R. Doc. 8 in *Doe v. The Administrators of the Tulane Educational Fund*, Civ. A. No. 19-11403 (E.D. La. July 2, 2019) (Vance, J.) (citing authority); R. Doc. 7 in *Doe v. Tulane University et al.*, Civ. A. No. 17-12081 (E.D. La. Nov. 17, 2017) (Feldman, J.).

[16] R. Doc. 3-1 at p. 2. *See, Doe v. Louisiana State Univ.*, Civ. A. No. 20-379-BAJ-SDJ, 2020 WL 6493768 at *2 (citation omitted).

[17] *See, Doe v. Univ. of Mississippi*, Civ. A. No. 3:21-cv-201-DPJ-FKB, 2021 WL 6752261 at *2.

[18] R. Doc. 3.

in public filings, Plaintiff's name and identifying information shall be redacted from public filings, Tulane is prohibited from publicly identifying Plaintiff in connection with this litigation, the complainants in the underlying disciplinary proceedings shall be identified as "Sue Roe" and "Jane Doe" in public filings, and the names of Sue Roe and Jane Doe shall be redacted from public filings.   The Motion is otherwise **DENIED.**

New Orleans, Louisiana, April 26, 2023.

**WENDY B. VITTER**
**United States District Judge**